STATE OF NORTH CAROLINA
v.
MARCUS LAVERNE SPENCER
No. COA05-623
North Carolina Court of Appeals
Filed June 6, 2006
This case not for publication
Beaufort County No. 03 CRS 000170.
Attorney General Roy Cooper, by Assistant Attorney General Chris Z. Sinha, for the State.
Adrian M. Lapas for defendant appellant.
McCULLOUGH, Judge.
Defendant appeals from conviction and judgment for first-degree rape and conviction and judgment for taking indecent liberties with a child. We conclude that he received a fair trial, free from prejudicial error.

Facts
On 13 January 2003, a Beaufort County grand jury returned the following four-count indictment against defendant:
I. The jurors for the State upon their oath present that on or about the date of offense shown [7/1/02-7/2/02] and in the county named above [Beaufort] the defendant . . . unlawfully, willfully and feloniously did carnally know and abuse [A.L.T], a child under the age of 13 years.
II. And the jurors for the State upon their oath present that on or about the date of offense shown [7/1/02-7/2/02] and in the county named above [Beaufort] the defendant . . . unlawfully, willfully and feloniously did carnally know and abuse [A.L.T], a child under the age of 13 years.
III. And the jurors for the State upon their oath present that on or about the date of offense shown [7/1/02-7/2/02], and in the county named above [Beaufort] the defendant . . . unlawfully, willfully and feloniously did take and attempt to take immoral, improper, and indecent liberties with the child named below for the purpose of arousing and gratifying sexual desire. At the time of this offense, the child named below was under the age of 16 years and the defendant . . . was over 16 years of age and at least five years older than the child. The name of the child is [A.L.T.].
IV. And the jurors for the State upon their oath present that on or about the date of offense shown [7/1/02-7/2/02], and in the county named above [Beaufort] the defendant . . . unlawfully, willfully and feloniously did take and attempt to take immoral, improper, and indecent liberties with the child named below for the purpose of arousing and gratifying sexual desire. At the time of this offense, the child named below was under the age of 16 years and the defendant . . . was over 16 years of age and at least five years older than the child. The name of the child is [A.L.T.].
Defendant pled not guilty to each of these charges.
At trial, the State's evidence tended to show the following: On the evening of 1 July through 2 July 2002, A.L.T. was spending the night in the home of her older sister. At that time, A.L.T. was 11 years old. While at her sister's home, A.L.T. attempted to call a friend, T.C., who was not at home. T.C.'s uncle, the defendant, answered the telephone instead. Defendant was twenty-nine years of age and lived near the home of A.L.T.'s sister, and A.L.T. was familiar with defendant from seeing him in the community. While speaking with A.L.T. on the telephone, defendant stated that he would come over to where A.L.T. was staying, and A.L.T. responded that it would be fine with her if he did so.
A.L.T. then went outside to wait for defendant. Defendant arrived shortly thereafter and A.L.T. and defendant began talking. According to A.L.T., defendant requested to have sex with her. She initially declined, but later assented.
According to A.L.T., she then removed her shorts while defendant removed his shirt, placed it on the ground, and put a condom on his penis. A.L.T. testified that defendant then engaged in sexual intercourse with her for approximately five minutes. Defendant left immediately thereafter.
Following this incident, A.L.T. noticed blood in her underwear. She placed this pair of underwear in a room inside of her sister's home and, after approximately fifteen minutes, called defendant on the telephone. During the ensuing conversation, defendant indicated that he would come back over to visit A.L.T. Upon arriving approximately fifteen minutes later, defendant asked A.L.T. if he could "do it again." A.L.T. replied that he could, and defendant proceeded to have sexual intercourse with her a second time. Defendant did not use a condom during this sexual encounter. Following this incident, A.L.T. then returned to her sister's home.
Shortly thereafter, A.L.T.'s sister happened upon the bloody underwear that A.L.T. had discarded, and the sister reported the discovery to their mother, who confronted A.L.T. as to whether she had engaged in sexual intercourse. A.L.T. initially denied havingsex, but later admitted that she had and identified defendant as her sexual partner. The mother took A.L.T. for a medical evaluation.
An expert with the North Carolina State Bureau of Investigation testified that he performed DNA testing on the physical evidence in the instant case. According to this expert, the DNA testing revealed that semen found on A.L.T.'s panties was 70.9 million trillion times more likely to have come from defendant than any other unrelated member of the black population in North Carolina. The agent further opined that it would be unreasonable to conclude that the semen came from another individual.
Defendant presented evidence that he could not have committed the crimes with which he was charged because he was somewhere else at the time.
At the close of all of the evidence, the trial court instructed the jury as follows:
Now, ladies and gentlemen, when you go into your jury room in just a few minutes, you'll be sent a verdict sheet in which you will be called upon to answer as many as four questions, and the verdict sheet contains, as to Count I, whether or not, by your unanimous verdict, you would find the defendant guilty of First Degree Rape Occurring Between July 1, 2002, and July 2, 2002, or not guilty. And, as to Count II, whether you would find the defendant, by your unanimous verdict, guilty of First Degree Rape Occurring Between July 1, 2002, and July 2, 2002, or not guilty. And, as to Count III, whether you would find the defendant, by your unanimous verdict, guilty of Taking Indecent Liberties with a Minor Occurring Between July 1, 2002, and July 2, 2002, or not guilty. And, as to Count IV, whether, by your unanimous verdict, you find the defendant guilty of Taking Indecent Liberties with a Minor Occurring Between July 1, 2002, and July 2, 2002, or not guilty.
Now, as to Count I and Count II, the defendant has been charged with First Degree Rape. For you to find the defendant guilty of these offenses, that is as to Count I and Count II, for you to find the defendant guilty of these offenses, the State must prove three things beyond a reasonable doubt:
First, that the defendant engaged in vaginal intercourse with [A.L.T.] . . . .
Vaginal intercourse, ladies and gentlemen, is penetration, however slight, of the female sex organ by the . . . male sex organ. The actual emission of semen is not necessary.
Second, the second element, that at the time of the acts alleged, the victim . . . was a child under the age of 13 years.
And the third element, that at the time of the acts alleged, the defendant . . . was at least 12 years old and was at least four years older than the victim . . . .
Now, if you find from the evidence beyond a reasonable doubt that on or about the alleged date, the defendant engaged in vaginal intercourse with the victim . . . and that at that time, [the victim] was a child under the age of 13 years and that the defendant . . . was at least 12 years old and was at least four years older than the victim . . . it would be your duty to return a verdict of "guilty" as to Count I and Count II. If you do not so believe, or have a reasonable doubt as to one or more of these things, as to either count, as to either one of the counts, if you have a doubt as to one or more of the things in either count, then it would be your duty to return a verdict of "not guilty".
Now, as to Count III and Count IV, ladies and gentlemen of the jury, the defendant has been accused and charged with Taking an Indecent Liberty with a Child. Now, I charge that for you to find the defendant guilty of Taking an Indecent Liberty with a Child, the State must prove three things beyond a reasonable doubt:
First, that the defendant willfully took an indecent liberty with a child for the purpose of arousing or gratifying sexual desire.
An indecent liberty is an immoral, improper, or indecent act by the defendant upon the child.
And, second, that the child had not reached her 16th birthday at the time in question.
And, third, that the defendant was at least five years older than the child and had reached his 16th birthday at that time.
So I charge that if you find from the evidence beyond a reasonable doubt that on or about the alleged dates, the defendant willfully took an indecent liberty with a child for the purpose of arousing or gratifying sexual desire and that at the time the defendant was at leastexcuse meand at that time the defendant was at least five years older than the child and had reached his 16th birthday but the child had not reached her 16th birthday, it would be your duty to return a verdict of "guilty" of Taking an Indecent Liberty with a Child. However, if you do not so find or have a reasonable doubt as to one or more of these things, in either one of Count III or Count IV, then it would be your duty to return a verdict of "not guilty".
The verdict sheet set forth the following alternatives:
COUNT I:
We, the jury, by unanimous verdict, find the defendant . . . is:
_____Guilty of First Degree Rape Occurring Between July 1, 2002, and July 2, 2002; OR
_____Not guilty.
COUNT II:
We, the jury, by unanimous verdict, find the defendant . . . is:
_____Guilty of First Degree Rape Occurring Between July 1, 2002, and July 2, 2002; OR
_____Not guilty.
COUNT III:
We, the jury, by unanimous verdict, find the defendant . . . is:
_____Guilty of Taking Indecent Liberties with a Minor Occurring Between July 1, 2002, and July 2, 2002; OR
_____Not guilty.
COUNT IV:
We, the jury, by unanimous verdict, find the defendant . . . is:
_____Guilty of Taking Indecent Liberties with a Minor Occurring Between July 1, 2002, and July 2, 2002;OR
_____Not guilty.
The jury found the defendant guilty of one count of first-degree rape (Count I) and not guilty of one count of first-degree rape (Count II), and found defendant guilty of one count of taking indecent liberties with a child (Count III) and not guilty of one count of taking indecent liberties with a child (Count IV). The trial court imposed consecutive sentences of 480 to 585 months of imprisonment and 39 to 47 months of imprisonment.
Defendant now appeals.

Discussion
In his only argument on appeal, defendant contends that he has been denied his right to a unanimous jury verdict. Specifically, defendant argues that, in light of the fact that the indictment, the jury instructions, and the verdict sheet fail to differentiate between the two instances of sexual misconduct which the State's evidence tended to show, it is impossible to know whether all twelve jurors voted to convict defendant based on the same act of misconduct.
Defendant's argument is premised upon this Court's decisions in State v. Gary Lee Lawrence, Jr., 165 N.C. App. 548, 599 S.E.2d 87 (2004) ("Lawrence I"), rev'd in part and remanded per curiam, ___ N.C.___, 627 S.E.2d 615 (2006) (mem.) (Lawrence III); State v. Markeith Rodgers Lawrence, 170 N.C. App. 200, 612 S.E.2d 678 (2005) ("Lawrence II"), rev'd in part and remanded, ___ N.C.___, 627 S.E.2d 609 (2006) ("Lawrence IV"); and State v. Holden, 160 N.C. App. 503, 586 S.E.2d 513 (2003), aff'd per curiam by an equally divided panel and left standing without precedential value, 359 N.C. 60, 602 S.E.2d 360 (2004). However, our Supreme Court has reversed the Lawrence I and Lawrence II opinions, and has ruled that Holden should have no precedential value. We are constrained to follow the direction of the Supreme Court; therefore, defendant cannot prevail based on this Court's Lawrence I, Lawrence II, or Holden opinions.
Further, after careful review, we discern no unanimity problems with defendant's convictions. A criminal defendant's right to a unanimous jury verdict is guaranteed by the North Carolina Constitution and by the North Carolina General Statutes. See N.C. Const. art. I, § 24 (2005) ("No person shall be convicted of any crime but by the unanimous verdict of a jury in open court."); N.C. Gen. Stat. § 15A-1237(b) (2005) ("The verdict must be unanimous, and must be returned by the jury in open court."). A jury unanimity issue may be raised on appeal, notwithstanding that the defendant did not object at trial to the errors which contributed to the allegedly non-unanimous verdict. State v. Ashe, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985). On appeal, this Court will "examine the verdict, the charge, the jury instructions, and the evidence to determine whether any ambiguity as to unanimity has been removed." State v. Petty, 132 N.C. App. 453, 461-62, 512 S.E.2d 428, 434, appeal dismissed and disc. review denied, 350 N.C. 598, 537 S.E.2d 490 (1999). In State v. Wiggins, 161 N.C. App. 583, 593, 589 S.E.2d 402, 409 (2003), disc. review denied, 358 N.C. 241, 594 S.E.2d 34 (2004), this Court held that "where seven offenses (two statutory sexual offense and five statutory rape) were charged in the indictments, and based on the evidence presented at trial, the jury returned seven guilty verdicts, there was no danger of a lack of unanimity between the jurors with respect to the verdict." The victim in Wiggins testified that she had engaged in intercourse with defendant several times a week for an extended period of time, but she specifically recounted only four incidents of intercourse with defendant. Id. at 586, 593, 589 S.E.2d at 405, 409. In determining that there was no unanimity problem, this Court noted that
the trial court instructed the jury on two counts of statutory sexual offense and five counts of statutory rape, differentiating each instruction by the applicable case number found on the indictments, [and] the verdict sheets submitted to the jury identified the seven offenses only by the felony charged (statutory sexual offense or statutory rape) and their respective case numbers.
Id. at 592-93, 589 S.E.2d at 409.
More recently, our Supreme Court decided Lawrence IV, ___ N.C.___, 627 S.E.2d 609 (2006), rev'g Lawrence II, 170 N.C. App. 200, 612 S.E.2d 678, which involved a defendant who challenged, on unanimity grounds, his multiple convictions of taking indecent liberties with a child and multiple convictions of statutory rape because the jury heard testimony regarding sexual encounters with which defendant was not charged. With respect to the indecent liberties convictions, the Court held that
the jury may have considered a greater number of incidents than the three counts of indecent liberties charged in the indictments. However, this fourth incident had no effect on jury unanimity because [binding case law] holds that while one juror might have found some incidents of misconduct and another juror might have found different incidents of misconduct, the jury as a whole found that improper sexual conduct occurred.
Id., slip op. at 9-10, ___ N.C. at ___, 627 S.E.2d at ___. With respect to the statutory rape convictions, the Court held that
[e]ven though [the victim] testified that she had sexual intercourse with the defendant thirty-two separate times, the evidence presented at trial tended to show five specific instances of statutory rape . . . . At the conclusion of the evidence, the jury was given five separate verdict sheets for the rape offenses. The jury returned five guilty verdicts for the five counts of rape.
. . . .
The present case is clearer than Wiggins [161 N.C. App. 583, 589 S.E.2d 402]. In Wiggins, the victim testified to multiple incidents of intercourse with defendant, but she testified in detail about only four specific occasions of intercourse constituting statutory rape. Here, defendant was indicted on five counts of statutory rape; [the victim] testified to five specific incidents of statutory rape, and five verdicts of guilty were returned to the charge of statutory rape. We conclude that defendant was unanimously convicted by the jury.
Id., slip op at 10-12, ___ N.C. at ___, 627 S.E.2d at ___. In reaching this conclusion, the Court made, inter alia, the following observations:
[D]efendant never raised an objection at trial regarding unanimity; the jury was instructedon all issues, including unanimity; separate verdict sheets were submitted to the jury for each charge; . . . [and] the record reflected no confusion or questions as to jurors' duty in the trial.
Id., slip op. at 12, ___ N.C. at ___, 627 S.E.2d at ___ (numbering omitted).
Under Wiggins and Lawrence IV, there is no unanimity problem if it is possible to match a jury's verdict of guilty with a specific incident after reviewing the evidence, indictment, jury charge, and verdict sheets. Accordingly, we must apply this rule to the situation with which we are now presented.
In the instant case, the State alleged that defendant committed two acts of sexual misconduct, and, for each transaction, defendant was indicted for one count of taking indecent liberties with a child and one count of statutory rape. The State's evidence tended to show that defendant twice engaged in sexual intercourse with the underage victim. The victim's testimony was that defendant committed one act of copulation without wearing a prophylactic, and forensic evidence tended to establish the presence of defendant's semen on the victim's panties. The victim further testified that defendant committed another act of copulation while he was wearing a condom, and this act of intercourse was proven only by the victim's testimony. The trial court specifically instructed the jury that it had to be unanimous as to any verdict and that it should return a verdict of not guilty of first-degree rape if it had a reasonable doubt "as to either count [I or II], as to either one of the counts, if [it had] adoubt as to one or more of the [elements] in either count." The trial court likewise instructed the jury that it should return a verdict of not guilty of taking indecent liberties with a child if it had "a reasonable doubt as to one or more of the[] [elements], in either one of Count III or Count IV." The verdict sheet conformed to the trial court's instructions and listed the counts for the separate charges of first-degree rape and taking indecent liberties separately.
On these facts, we discern no unanimity problem with the jury's verdict convicting defendant of one count of first-degree rape and one count of taking indecent liberties with a child. The jury was sufficiently instructed that it had to be unanimous as to any count, and the counts were set out separately on the verdict sheet. We, therefore, are compelled to hold that the jurors agreed as to the one act of sexual misconduct committed by defendant. See State v. Jennings, 333 N.C. 579, 618, 430 S.E.2d 188, 208 ("We presume `that jurors . . . attend closely the particular language of the trial court's instructions in a criminal case and strive to understand, make sense of, and follow the instructions given them.'") (citation omitted), cert. denied, 510 U.S. 1028, 126 L. Ed. 2d 602 (1993).
No error.
Judges ELMORE and LEVINSON concur.
Report per Rule 30(e).