**STATE v. BATES**

[179 N.C. App. 628 (2006)]

———

STATE OF NORTH CAROLINA v. KENNETH WILLIAM BATES

No. COA04-777-2

(Filed 3 October 2006)

**1. Criminal Law— unanimous verdicts—indecent liberties— more indictments than verdicts**

The fact that the jury may have considered evidence of ten counts of indecent liberties to arrive at seven guilty verdicts does not violate defendant's right to a unanimous verdict under *State v. Lawrence*, 360 N.C. 368.

## 2. Criminal Law— unanimous verdicts—first-degree sexual offenses—verdicts matched to specific incidents

Defendant's right to unanimous verdicts as to convictions for first-degree sexual offense was not violated where it was possible to match the verdict of guilty with specific incidents presented in evidence and in the trial court's instructions. The factors considered included the evidence, the indictments, the jury charge, and the verdict sheets.

Upon remand.from the North Carolina Supreme Court, appeal by defendant from judgments entered 31 October 2003 and 4 November 2003 by Judge W. Allen Cobb, Jr. in Wayne County Superior Court. Heard in the Court of Appeals 21 March 2005.

*Roy Cooper, Attorney General, by Anita LeVeaux, Assistant Attorney General, for the State.*

*McCotter, Ashton & Smith, P.A., by Rudolph A. Ashton, III and Kirby H. Smith, III, for defendant-appellant.*

MARTIN, Chief Judge.

Defendant was found guilty by a jury of six counts of first-degree statutory sexual offense, two counts of attempted first-degree statutory sexual offense, seven counts of taking indecent liberties with a minor, and six counts of lewd and lascivious conduct with a minor. Judgment was arrested as to the six counts of lewd and lascivious conduct with a minor. Defendant appealed from judgment imposing two consecutive sentences of not less than 192 months and not more than 240 months of imprisonment and a third consecutive sentence of not less than 125 months and not more than 159 months. In *State v. Bates,* 172 N.C. App. 27, 38-40, 616 S.E.2d 280, 288-89 (2005), we vacated the defendant's six convictions of first-degree sexual offense and seven convictions of indecent liberties with a minor and granted him a new trial on the grounds that the trial court had denied him his right to a unanimous jury verdict guaranteed him by N.C. Const. art. 1, § 24. *See also* N.C. Gen. Stat. § 15A-1237(b) (2005).

The State petitioned the Supreme Court for discretionary review. By order dated 3 July 2006, the Supreme Court remanded the case to this Court for reconsideration in light of its decision in *State v. Lawrence,* 360 N.C. 368, 627 S.E.2d 609 (2006). After reconsideration, we conclude there was no error in defendant's trial.

On appeal, defendant argued five assignments of error. As to the first three assignments of error, we held that there was no error, and these holdings remain unaffected by *Lawrence*. As his fourth assignment of error, defendant argued that the trial court committed plain error by not distinguishing for the jury the charges against the defendant. This issue was addressed by the Supreme Court in *Lawrence*, and we therefore reconsider this assignment of error in light of that decision. As to defendant's fifth assignment of error, we did not address the merits because we granted defendant a new trial based on the fourth assignment of error. Defendant argued that the trial court committed plain error by entering judgments and other dispositions which were inconsistent with the court's rulings and the jury verdicts. On remand, we now consider this assignment of error on the merits.

The facts of this case have been discussed at length in our previous opinion and need not be reproduced in their entirety here. *Bates*, 172 N.C. App. at 30-32, 616 S.E.2d at 283-84. Evidence at trial tended to show that the defendant had engaged in a number of sexual acts with KG, the ten-year-old friend of his stepdaughter. These acts occurred when KG would spend the night with the defendant's stepdaughter about every other weekend from December 2002 to March 2003. Conflicting evidence was presented as to the number and timing of these acts. The defendant was indicted on eleven counts of first-degree sexual offense, two counts of attempted first-degree sexual offense, ten counts of indecent liberties, and ten counts of lewd and lascivious conduct with a minor. The jury found him guilty of six counts of first-degree sexual offense, two counts of attempted first-degree sexual offense, seven counts of taking indecent liberties with a minor, and six counts of lewd and lascivious conduct. Judgment was arrested on the six counts of lewd and lascivious conduct. The remaining convictions were consolidated into three judgments for which the defendant received two consecutive sentences of not less than 192 months and not more than 240 months of imprisonment and a third consecutive sentence of not less than 125 months and not more than 159 months of imprisonment. Defendant appealed.

---

[1] As directed by the Supreme Court, we first address whether the trial court erred by not distinguishing for the jury the charges against the defendant, thereby denying defendant a unanimous jury verdict, as guaranteed by N.C. Const. art. 1, § 24 and N.C.G.S. § 15A-1237(b) (2005), in light of the Supreme Court's decision in *Lawrence*, 360 N.C. 368, 627 S.E.2d 609. At issue in *Lawrence* was:

whether a jury verdict may be unanimous when a defendant is tried on five counts of statutory rape and three counts of indecent liberties with a minor, when the short-form indictments for each alleged crime are identically worded and lack specific details distinguishing one particular incident of a crime from another.

*Id.* at 372-73, 627 S.E.2d at 611. The Court held that the jury verdicts were unanimous, but it analyzed separately the charges of indecent liberties and the charges of first-degree statutory rape. *Id.* at 373-75, 627 S.E.2d at 612-13. Thus, we examine the charges of indecent liberties and the charges of first-degree sexual offense separately in the present case.

We first address the issue of jury unanimity with respect to the charges of indecent liberties. Defendant argues that because he was convicted of a lesser number of counts of indecent liberties than the number of incidents presented in evidence, and the indictment and verdict sheets did not match the counts to the evidence, it is possible that the jury did not agree about which acts supported the guilty verdict for each count. Thus, defendant argues, a risk of a nonunanimous verdict was created, which violated defendant's right to a unanimous verdict. After considering the Supreme Court's holding in *Lawrence*, we must reject defendant's argument. The Court in *Lawrence* held, "a defendant may be unanimously convicted of indecent liberties even if: (1) the jurors considered a higher number of incidents of immoral or indecent behavior than the number of counts charged, and (2) the indictments lacked specific details to identify the specific incidents." *Id.* at 375, 627 S.E.2d at 613. This Court has further interpreted *Lawrence* as follows:

> "[T]he risk of a nonunanimous verdict does not arise," even if the jury "considered a greater number of incidents than . . . charged in the indictments," because "while one juror might have found some incidents of misconduct and another juror might have found different incidents of misconduct, the jury as a whole found that improper sexual conduct occurred."

*State v. Brigman*, 178 N.C. App. 78, 93, —— S.E.2d ——, —— (2006) (citing *Lawrence*, 360 N.C. at 375, 627 S.E.2d at 613) (alteration in original). Thus, defendant Bates' argument is stripped of its merit. At defendant's trial, evidence was presented of ten incidents of indecent liberties, and the jury returned guilty verdicts on only seven counts. The fact that the jury may have considered evidence of all ten counts to arrive at its unanimous verdict that defendant was

guilty of seven incidents of indecent liberties does not, under *Lawrence*, violate defendant's right to a unanimous jury verdict. We, therefore, find no error by the trial court as to defendant's convictions for indecent liberties.

[2] Next we consider the verdicts on the charges of first-degree sexual offense. Defendant again argues that because he was convicted of fewer counts of first-degree sexual offense than the number of incidents presented in evidence, the jury may not have agreed about which evidence supported the guilty verdicts for each count. Defendant argues he was thereby denied a unanimous jury verdict. Again, we consider the precedent *Lawrence* establishes for this issue. *Lawrence* raised the issue of jury unanimity with respect to charges of first-degree statutory rape, and we note that the reasoning that applies to first-degree statutory rape is the same for the similar offense of first-degree sexual offense. In *Lawrence*, "defendant was indicted on five counts of statutory rape; [the victim] testified to five specific incidents of statutory rape, and five verdicts of guilty were returned to the charge of statutory rape." *Lawrence*, 360 N.C. at 376, 627 S.E.2d at 613. Therefore, the court concluded "defendant was unanimously convicted by the jury." *Id.* The facts in the case before us are not quite as conclusive as the facts in *Lawrence*.

Defendant Bates was indicted on eleven counts of first-degree sexual offense; evidence was presented of six[1] to ten incidents of first-degree sexual offense, *see Bates*, 172 N.C. App. at 36-37, 616 S.E.2d at 287, and the jury returned a verdict of guilty on six charges. Since *Lawrence*, this Court heard a case with facts more similar to the facts in this case, which we decided in an unpublished opinion. *State v. Spencer*, 177 N.C. App. 813, 630 S.E.2d 255 (2006). Defendant Spencer was charged with two counts of statutory rape and two counts of indecent liberties and was convicted of only one count of statutory rape and one count of indecent liberties. *Id.* Defendant Spencer argued that he was denied a unanimous verdict because the verdict sheets did not differentiate between the two counts for each offense; however, this Court found no error. *Id.* Citing *Lawrence* as controlling precedent, another panel of this Court held: "Under

---

1. In our original opinion in *Bates*, this Court stated that there was evidence of only four to ten incidents of first-degree sexual offense. *Bates*, 172 N.C. App. at 37, 616 S.E.2d at 287. After further review, the number should be six to ten instead of four to ten. There was evidence of six separate counts presented in the defendant's statement; thus, even if all of the evidence in defendant's statement covered the same incidents that KG described in her testimony, there is still some evidence of at least six separate incidents.

*Wiggins* and *Lawrence IV*, there is no unanimity problem if it is possible to match a jury's verdict of guilty with a specific incident after reviewing the evidence, indictment, jury charge, and verdict sheets." *Id.* (citing *Lawrence*, 360 N.C. 368, 627 S.E.2d 609; *State v. Wiggins*, 161 N.C. App. 583, 589 S.E.2d 402 (2003), *disc. review denied*, 358 N.C. 241, 594 S.E.2d 34 (2004)). We adopt the analysis in *Spencer* and follow it in the present case. We therefore consider four factors to determine whether defendant Bates was denied a unanimous verdict: (1) the evidence; (2) the indictments; (3) the jury charge; and (4) the verdict sheets.

Factors (1) and (2): Evidence and Indictments

In *Lawrence*, the number of counts equaled the number of incidents presented in evidence, and the Supreme Court found that the defendant's right to a unanimous verdict had not been violated. *Lawrence*, 360 N.C. at 376, 627 S.E.2d at 613. Similarly, in *Wiggins*, the number of incidents presented into evidence equaled the number of counts charged, and this Court found no unanimity problem. *Wiggins*, 161 N.C. App. at 593, 589 S.E.2d at 409. Where the number of incidents equal the number of indictments, the risk of a nonunanimous verdict is substantially lower. By contrast, defendant Bates was charged with eleven counts of first degree sexual offense, but evidence was presented of only six to ten incidents. *See Bates*, 172 N.C. App. at 36-37, 616 S.E.2d at 287. In order to determine how to weigh this factor in this case, we follow the analysis adopted above and consider the overarching question: whether "it is possible to match a jury's verdict of guilty with a specific incident." *Spencer*, 177 N.C. App. 813, 630 S.E.2d 255. Thus, we must ask whether the fact that more counts were charged than the evidence supported tends to make it impossible to match the jury's verdict with the evidence. Although it certainly creates more opportunity for confusion, it does not necessarily make it impossible to match the jury verdict to the evidence.

Factor (3): Jury Charge/Instructions

In this case, the court instructed the jury separately as to the eleven counts of first-degree sexual offense and the ten counts of indecent liberties with a child. The court further instructed the jury: "[y]ou may not return a verdict until all 12 jurors agree unanimously as to each charge. You may not render a verdict by majority vote." These instructions were adequate to ensure that the jury understood that it must agree unanimously as to each verdict on each charge.

Because we find the jury instruction adequately ensured that the jury would match its unanimous verdicts with the charges against the defendant, this factor favors a finding that the jury verdicts were unanimous in the present case.

Factor (4): Verdict Sheets

The defendant in this case argues that the verdict sheets submitted to the jury did not contain sufficient detail to link them with the indictments. In *Wiggins*, this Court noted that where "the verdict sheets . . . identified the . . . offenses only by the felony charged . . . and their respective case numbers . . . the verdict sheets did not lack the required degree of specificity needed for a unanimous verdict if they could be properly understood by the jury based on the evidence presented at trial." *Wiggins*, 161 N.C. App. at 592-93, 589 S.E.2d at 409. The *Bates* verdict sheets listed each charge separately with a notation of the felony charged next to each one. Although the verdict sheets in this case did not contain the case numbers as in *Wiggins*, the presentation of the charges on the verdict sheets was adequate for the jury to distinguish the charges based on the evidence presented at trial. Bearing in mind that the question this Court must address is whether "it is possible to match a jury's verdict of guilty with a specific incident," *Spencer*, 177 N.C. App. 813, 630 S.E.2d 255, this Court notes that there are more characteristics about the *Bates* verdict sheets that reduce the risk of a nonunanimous verdict. On the *Bates* verdict sheets, the trial court gave date ranges for the different counts to differentiate the charges for the jury. The date ranges did not correspond with any specific evidence at trial; thus, they failed to fully clarify which incidents corresponded to which charges. Overall, however, we find that the use of dates reduced the possibility that different jurors had different acts in mind, and therefore reduced the risk of nonunanimity. Similarly, the verdict sheets in *Bates* differentiated between some of the counts by including next to the charge the words "(by cunnilingus)" or "(inserting finger into victim's vagina)," reducing the risk that the jurors considered different incidents in reaching their verdict and increasing the likelihood of unanimity.

Thus, considering all of the foregoing factors and applying them to the present case, we hold it is possible to match the jury's verdict of guilty with specific incidents presented in evidence and in the trial court's instructions. Therefore, defendant's right to unanimous verdicts as to his convictions of six counts of first-degree sexual offense was not violated.

By his fifth and final assignment of error, defendant argues that the judgments in 03 CRS 53259-52 and 03 CRS 53264-52 are inconsistent with the jury's verdict sheets. After reviewing the indictments, the verdict sheets, and the court's judgment, we find no discrepancies and, thus, no merit in defendant's argument.

No Error.

Judges HUDSON and JACKSON concur.