IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-82

Filed 6 February 2024

Durham County, Nos. 19 CRS 2363–64, 56406

STATE OF NORTH CAROLINA

v.

JAMES FREDRICK BOWMAN, Defendant.

Appeal by Defendant from judgment entered 25 January 2022 by Judge Josephine K. Davis in Durham County Superior Court. Heard in the Court of Appeals 17 October 2023.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Jasmine McGhee, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Aaron Thomas Johnson, for Defendant-Appellant.*

CARPENTER, Judge.

James Fredrick Bowman ("Defendant") appeals from judgment entered after a jury found him guilty of two counts of first-degree forcible sexual offense, one count of first-degree forcible rape, one count of possession of a firearm by a felon, one count of assault by pointing a gun, one count of assault on a female, and one count of communicating threats. On appeal, Defendant argues the trial court erred by instructing the jury on only one count of first-degree forcible sexual offense, thus jeopardizing his right to a unanimous verdict. Additionally, Defendant argues

remand is required to correct clerical errors in the judgment. After careful review, we agree with Defendant. Therefore, we reverse in part and remand this case for a new trial concerning the two counts of first-degree forcible sexual offense and for correction of clerical errors in the judgment.

## I.     Factual & Procedural Background

At around 5:00 a.m. on 9 September 2019, S.B. ("Victim") awoke when Defendant banged on her window, yelling at her to open the door to her home. Once Victim opened the door, Defendant accused Victim of sleeping with someone else and punched her in the chest. Defendant appeared to be heavily intoxicated and was armed with a handgun. Defendant exclaimed, "[s]ince you want to act like a whore, I'm going to treat you like a whore." Defendant, while brandishing a gun, then ordered Victim to strip. Defendant proceeded to assault Victim anally, orally, and vaginally, while threatening to kill Victim, dismember her body, and bury her in pieces.

On 21 October 2019, a Durham County grand jury indicted Defendant for the following seven offenses: one count of first-degree forcible rape, two counts of first-degree forcible sexual offense, one count of possession of a firearm by a felon, one count of assault by pointing a gun, one count of assault on a female, and one count of communicating threats. On 23 March 2021, the case went to trial, which ended in a hung-jury mistrial. On 17 January 2022, the case went to a second trial in Durham County Superior Court.

At the close of all evidence, the trial court held a charge conference and instructed the jury. Defendant did not object to the jury instructions. The trial court read the elements for first-degree forcible sexual offense and explained the burden of proof. The trial court did not read the instructions for each count charged, nor did the court otherwise notify the jury that Defendant was charged with two separate counts of first-degree forcible sexual offense.

The trial court did state that "all 12 of you must agree to your verdict. You cannot reach a verdict by majority vote." But while the verdict sheets listed two counts of first-degree forcible sexual offense, the two counts were not separated by specific instances of sexual act. The two counts were simply separated on the verdict sheet as "count 2" and "count 3." This is similar to Defendant's indictment, which listed the two first-degree forcible sexual offenses as the second and third counts.

The jury found Defendant guilty on all seven charges, including the two counts of first-degree forcible sexual offense. Defendant then admitted the existence of an aggravating factor. The trial court entered judgment on the jury's verdicts and imposed a consolidated aggravated-range sentence of 365 to 498 months of active imprisonment. Defendant gave oral notice of appeal in open court following the entry of judgment.

## II. Jurisdiction

This Court has jurisdiction under N.C. Gen. Stat. § 7A-27(b)(1) (2021).

## III. Issues

The issues on appeal are whether: (1) the trial court committed plain error by instructing the jury on only one count of first-degree forcible sexual offense, thus jeopardizing Defendant's right to a unanimous verdict; and (2) remand is required to correct clerical errors in the judgment.

## IV.    Analysis

### A.  Jury Instructions

Defendant first contends the trial court committed plain error by instructing the jury on only one count of first-degree forcible sexual offense, thus jeopardizing his right to a unanimous verdict.  After careful review, we agree with Defendant.

When the issue is properly preserved at trial, "[t]he question of whether a trial court erred in instructing the jury is a question of law reviewed *de novo*."  *State v. McGee*, 234 N.C. App. 285, 287, 758 S.E.2d 661, 663 (2014).  We review unpreserved jury-instruction issues, however, for plain error.  *State v. Collington*, 375 N.C. 401, 410, 847 S.E.2d 691, 698 (2020).  Here, Defendant did not object to the jury instructions at trial, so we will review only for plain error.  *See id*. at 410, 847 S.E.2d at 698.

Under plain-error review, this Court must first determine that an error occurred at trial.  *See State v. Towe*, 366 N.C. 56, 62, 732 S.E.2d 564, 568 (2012).  Second, the defendant must demonstrate the error was "fundamental," which means the error probably caused a guilty verdict and "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings."  *State v. Grice*, 367 N.C. 753,

764, 767 S.E.2d 312, 320–21 (2015) (quoting *State v. Lawrence*, 365 N.C. 506, 519, 723 S.E.2d 326, 335 (2012)).  Notably, the "plain error rule . . . is always to be applied cautiously and only in the exceptional case . . . ."  *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982)).

First-degree forcible sexual offense includes "a sexual act with another person by force and against the will of the other person" by use, or threatened use, of a deadly weapon.  N.C. Gen. Stat. § 14-27.26 (2021).  A sexual act includes "[c]unnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse. Sexual act also means the penetration, however slight, by any object into the genital or anal opening of another person's body."  *Id.* § 14-27.20(4).

"It is the duty of the trial court to instruct the jury on the law applicable to the substantive features of the case arising on the evidence . . . ."  *State v. Robbins*, 309 N.C. 771, 776, 309 S.E.2d 188, 191 (1983).  "When reviewing a trial court's charge to the jury, the instructions must be considered in their entirety."  *State v. Parker*, 119 N.C. App. 328, 339, 459 S.E.2d 9, 15 (1995).  And in criminal cases, "a defendant must be convicted, if convicted at all, of the particular offense charged in the warrant or bill of indictment."  *State v. Williams*, 318 N.C. 624, 628, 350 S.E.2d 353, 356 (1986).

In *State v. Bates*, this Court found the trial court's failure to distinguish between separate counts of first-degree sexual offense was a plain error because such a failure jeopardized the defendant's right to a unanimous verdict.  172 N.C. App. 27,

38, 616 S.E.2d 280, 288 (2005). The jury convicted the defendant of six counts of first-degree sexual offense. *Id*. at 29, 616 S.E.2d at 283. The trial court, however, read the instruction only once for eleven counts of the same offense. *Id*. at 38, 616 S.E.2d at 288. Thus, we held that the defendant's right to a unanimous jury verdict was jeopardized. *Id*. at 38, 616 S.E.2d at 288.

But "the Supreme Court remanded the case to this Court for reconsideration in light of its decision in *State v. Lawrence,* 360 N.C. 368, 627 S.E.2d 609 (2006)." *State v. Bates*, 179 N.C. App. 628, 629, 634 S.E.2d 919, 920 (2006). On remand, we reconsidered the case based on four factors: "(1) the evidence; (2) the indictments; (3) the jury charge; and (4) the verdict sheets." *Id*. at 633, 634 S.E.2d at 922. Concerning the evidence and indictments, we looked to determine whether "it is possible" to match guilty verdicts with specific incidents. *Id*. at 633, 634 S.E.2d at 922. Concerning the jury instructions, we looked to whether the "instructions were adequate to ensure that the jury understood that it must agree unanimously as to each verdict on each charge." *Id*. at 633, 634 S.E.2d at 922.

And concerning the verdict sheets, we looked to whether "the presentation of the charges on the verdict sheets was adequate for the jury to distinguish the charges based on the evidence presented at trial." *Id*. at 634, 634 S.E.2d at 922–23. The counts in *Bates* had date ranges and "differentiated between some of the counts by including next to the charge the words '(by cunnilingus)' or '(inserting finger into victim's vagina),' reducing the risk that the jurors considered different incidents in

reaching their verdict and increasing the likelihood of unanimity." *Id*. at 634, 634 S.E.2d at 923.

After considering all of the factors, we held that it was "possible to match the jury's verdict of guilty with specific incidents presented in evidence and in the trial court's instructions." *Id*. at 634, 634 S.E.2d at 923. We held that the "defendant's right to unanimous verdicts . . . was not violated." *Id*. at 634, 634 S.E.2d at 923.

Here, the jury convicted Defendant on two counts of first-degree forcible sexual offense, and the trial court instructed the jury on first-degree forcible sexual offense only once. The trial court advised the jury that its verdict must be unanimous as to each charge, but the verdict sheet did not specify which sexual act was to be considered for each charge. Unlike in *Bates*, the jury here could not determine which sexual act applied to which count. The counts in this verdict sheet lacked corresponding dates and descriptions of the alleged sexual acts—both of which were included in the *Bates* verdict sheet. *See id*. at 634, 634 S.E.2d at 923.

The Dissent correctly notes that corresponding dates will be unhelpful here because all of the alleged sexual acts occurred on the same date. And the Dissent correctly notes that the number of alleged sexual acts exceeds the number of first-degree forcible sexual-offense charges. Here, Defendant allegedly committed three sexual acts: At gunpoint, he penetrated Victim's anus with his fingers and penis; Defendant also forced Victim to perform oral sex. The State, however, only charged Defendant with two counts of first-degree forcible sexual offense.

The jury convicted Defendant on both counts of first-degree forcible sexual offense, which begs the question: Which two sexual acts did the jury unanimously agree upon?  Both anal acts?  One oral act and one anal act?  And if the latter, which anal act?  For example, one juror may have been unconvinced about the oral act and completely convinced of both anal acts.  Whereas another juror may have been unconvinced about one anal act and completely convinced of the other anal act and the oral act.  But because of the ambiguity in the jury instruction and verdict sheets, we cannot confirm whether this actually occurred.  Thus, under the facts of this case, we cannot conclude there was unanimity of verdict concerning these offenses.

In *Bates*, the trial court guarded against this possibility by labeling the counts according to the specific type of alleged sexual act.  *Id.* at 634, 634 S.E.2d at 923 (noting that the trial court "differentiated between some of the counts by including next to the charge the words '(by cunnilingus)' or '(inserting finger into victim's vagina)'").  Had the trial court done the same here, we would agree with the Dissent. But here, the trial court did not differentiate counts by the type of alleged sexual act, thus jeopardizing Defendant's right to a unanimous verdict concerning the first-degree forcible sexual-offense charges.  In other words, we agree with Defendant and disagree with the Dissent because it is impossible to know if the jury convicted Defendant "of the *particular* offense[s] charged in the warrant or bill of indictment." *See Williams*, 318 N.C. at 628, 350 S.E.2d at 356 (emphasis added).

We also disagree with the Dissent's assertion that Defendant's right to a unanimous verdict was not jeopardized because section 14-27.26 lacks a list of "discrete criminal activities in the disjunctive." On the contrary, section 14-27.26 prohibits certain sexual acts, N.C. Gen. Stat. § 14-27.26, and "sexual acts" are discrete criminal activities, *see id*. § 14-27.20(4). These discrete criminal activities include "[c]unnilingus, fellatio, analingus, or anal intercourse, but do not include vaginal intercourse. Sexual act also means the penetration, however slight, by any object into the genital or anal opening of another person's body." *Id*. § 14-27.20(4).

The Dissent cites *State v. Lawrence* for support. 360 N.C. 368, 627 S.E.2d 609 (2006). But sexual acts are distinct and distinguishable from the malleable acts analyzed in *Lawrence*: "immoral, improper, or indecent liberties." *Id*. at 374, 627 S.E.2d at 612. The *Lawrence* Court correctly described "immoral, improper, or indecent liberties" as an "ambit." *Id*. at 374, 627 S.E.2d at 612. Immoral, improper, or indecent liberties are not defined by statute: We have defined them "as 'such liberties as the common sense of society would regard as indecent and improper.'" *State v. Every*, 157 N.C. App. 200, 205, 578 S.E.2d 642, 647 (2003) (quoting *State v. McClees*, 108 N.C. App. 648, 653, 424 S.E.2d 687, 690 (1993)).

A sexual act, however, is not an ambit. *See* N.C. Gen. Stat. § 14-27.20(4). It is statutorily defined and only includes "[c]unnilingus, fellatio, analingus, or anal intercourse" and "the penetration . . . by any object into the genital or anal opening of another person's body." *Id*. Society cannot differ on what a "sexual act" is because

the General Assembly has defined it. *See In re Clayton-Marcus Co.*, 286 N.C. 215, 219, 210 S.E.2d 199, 203 (1974) ("[When a statute] contains a definition of a word used therein, that definition controls, however contrary to the ordinary meaning of the word it may be."). Therefore, the Dissent's *Lawrence* analysis is inapposite.

Accordingly, because it was not "possible to match the jury's verdict of guilty with specific incidents presented in evidence" without a special verdict sheet, the trial court's single instruction as to first-degree forcible sexual offense was erroneous and jeopardized Defendant's right to a unanimous verdict. *See Bates*, 179 N.C. App. at 634, 634 S.E.2d at 923. Further, this error was "fundamental" because it affected the integrity of the trial concerning Defendant's first-degree forcible sexual-offense charges. *See Grice*, 367 N.C. at 764, 767 S.E.2d at 320–21. Therefore, the trial court plainly erred. *See id.* at 764, 767 S.E.2d at 320–21.[1]

**B. Clerical Errors**

Defendant also contends the trial court made several clerical errors in the judgment, and thus the judgment should be corrected on remand. In the event we discover a clerical error in the judgment, the State has no objection to remand on this issue. Again, we agree with Defendant.

---

[1] We note that Defendant's strategy on appeal is not without risk. The State only charged him with two counts of first-degree forcible sexual offense, but based on the facts, the State could indict Defendant on a third count.

"When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record 'speak the truth.'" *State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696–97 (2008) (quoting *State v. Linemann,* 135 N.C. App. 734, 738, 522 S.E.2d 781, 784 (1999)). A clerical error is "'[a]n error resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination.'" *State v. Jarman*, 140 N.C. App. 198, 202, 535 S.E.2d 875, 878 (2000) (quoting BLACK'S LAW DICTIONARY (7th ed. 1999)).

Defendant first contends the trial court made a clerical error by indicating in the judgment that Defendant was a Prior Record Level ("PRL") V with 14 points. The sentencing worksheet reflects that the trial court marked Defendant as a PRL V with 14 points on the sentencing sheet. The record, however, reflects that Defendant is a PRL IV with 12 points. The stipulated prior record-level worksheet established Defendant as a PRL IV with 12 points. During sentencing, both the State and Defendant advised the trial court that Defendant was a PRL IV. Further, the trial court sentenced Defendant to between 365 and 498 months of active imprisonment, which coincides with the sentence applicable to a PRL IV defendant concerning a Class B1 sex-related felony. *See* N.C. Gen. Stat. § 15A-1340.17(c)–(f) (2021). For these reasons, the trial court made a clerical error by listing Defendant as a PRL V with 14 points. *See Jarman*, 140 N.C. App. at 202, 535 S.E.2d at 878.

Defendant next contends the trial court made a clerical error on Defendant's sentencing sheet by marking box twelve for findings of aggravating and mitigating factors. Box twelve states: "The defendant committed the offense while on pretrial release on another charge." And the record shows the trial court marked box twelve on Defendant's sentencing sheet. Prior to sentencing, however, the State expressed it was not proceeding with aggravating factor twelve because Defendant was not on pretrial release. Additionally, the plea arrangement for aggravating factor 12a stated the State was not proceeding with any other factors. Therefore, the trial court made a clerical error in marking box twelve on the sentencing sheet. *See Jarman*, 140 N.C. App. at 202, 535 S.E.2d at 878.

Lastly, Defendant contends the trial court made a clerical error by failing to check the box on the aggravating-factors sheet, indicating it "accept[ed] the defendant's admission to the aggravating factor(s) noted above and finds the supporting evidence to be beyond a reasonable doubt." The record reflects the box was not marked on the aggravating-factors sheet. At trial, however, the trial court accepted Defendant's plea to the aggravating factor and imposed a sentence in the aggravated range. Therefore, the trial court made a clerical error on the aggravating-factors sheet by failing to indicate it accepted Defendant's admission to the aggravating factor. *See Jarman*, 140 N.C. App. at 202, 535 S.E.2d at 878.

Accordingly, because the trial court made several clerical errors in the judgment, we remand this case to allow the trial court to correct them. *See Smith*, 188 N.C. App. at 845, 656 S.E.2d at 696–97.

## V.     Conclusion

We conclude the trial court committed plain error in its instruction as to the first-degree forcible sexual-offense charges, because in the absence of a special verdict form, the instructions jeopardized Defendant's right to a unanimous verdict. *See Grice*, 367 N.C. at 764, 767 S.E.2d at 320–21. Therefore, we reverse and remand this case for a new trial concerning the two counts of first-degree forcible sexual offense. We also remand for correction of clerical errors in the judgment. *See Smith*, 188 N.C. App. at 845, 656 S.E.2d at 696–97.

REVERSED IN PART AND REMANDED.

Judge HAMPSON concurs.

Judge THOMPSON dissents in part by separate opinion.

THOMPSON, Judge, dissenting.

I respectfully dissent from the portion of the majority opinion that concludes the trial court committed plain error when it instructed the jury only once on the offense of first-degree forcible sexual offense, while defendant was indicted on two counts of that offense and where the jury received two jury verdict sheets, one for each of the counts, and returned each marked guilty. As explained below, controlling precedent indicates that the trial court did not err in failing to repeat its accurate jury instruction regarding this offense a second time in reference to the second count of the offense.

The record reflects that these two offenses—each included in a single indictment designated as case file 19 CRS 2364—cite N.C. Gen. Stat. § 14-27.26 and then allege: "The jurors for the State upon their oath present that on or about [9 September 2019] and in [Durham County] the defendant named above unlawfully, willfully, and feloniously [did] engage in a sex offense with [the victim], by force and against the victim's will." At trial, the victim testified that defendant sexually assaulted her at gunpoint, penetrating her with his penis anally, orally, and vaginally, as well as penetrating her anally with his fingers. The victim's testimony of vaginal penetration by defendant's penis supported the first-degree rape indictment and related jury instructions, while the assaults by penetration of the victim's mouth and anus by defendant's penis and the penetration of her anus by defendant's fingers could support the two first-degree forcible sexual offenses.

*Thompson, J., dissenting in part.*

Regarding the latter offense, without objection from defendant, the trial court charged the jury:

> The defendant has been charged with first degree forcible sexual offense. For you to find the defendant guilty of first degree forcible sexual offense, the State must prove to you four things beyond a reasonable doubt. First, that the defendant engaged in a sexual act with the alleged victim. A sexual act means fellatio, which is any touching by the lips or tongue of one person and the male sex organ of another; anal intercourse, which is any penetration, however slight, of the anus of any person by their male or sexual organ; and, [ ] any penetration, however slight, by an object into the genital or anal opening of a person's body. And, second, that the defendant used or threatened to use force sufficient to overcome any resistance the alleged victim might make. The force necessary to constitute sexual offense need not be actual physical force. Fear or coercion may take the place of physical force. And, third, that the alleged victim did not consent and it was against the alleged victim's will. Consent induced by fear is not consent at law. And, fourth, that the defendant employed and/or displayed a dangerous or deadly weapon. A handgun is a dangerous or deadly weapon. A dangerous or deadly weapon is a weapon which is likely to cause death or serious injury. In determining whether the particular object is a dangerous or deadly weapon, you should consider the nature of the object, the manner in which it was used, the size and strength of the defendant as compared to that of the alleged victim.
>
> If you find from the evidence beyond a reasonable doubt that on or about the alleged date, the defendant engaged in a sexual act which—act with the alleged victim and the defendant did so by force and/or threat of force and that this was sufficient to overcome any resistance which the alleged victim might make, that the alleged victim did not consent and it was against the alleged victim's will and that the defendant employed and/or displayed a weapon, it

> would be your duty to return a verdict of guilty of first
> degree forcible sexual offense. If you do not so find or have
> a reasonable doubt as to one or more of these things, you
> would not return a verdict of guilty of first degree forcible
> sexual offense but consider whether or not the defendant is
> guilty of second degree forcible sexual offense.

Defendant does not contend that this instruction was incorrect in any way; instead, he represents that the trial court plainly erred in failing to repeat this instruction before sending the jury to deliberate whether, *inter alia*, defendant committed *two* counts of this particular offense. Ultimately, the jury, having before it evidence that defendant had been indicted on two counts of first-degree forcible sexual offense, having heard testimony about three distinct acts which if the testimony were believed would support the two counts of that offense, and having been correctly charged regarding the elements of that offense by the trial court, elected in its role as finder of fact, to return two unanimous verdicts of guilty on the two counts of that offense as listed on one of the verdict sheets as "COUNT 2" and "COUNT 3" following the case file number.

The majority opinion relies primarily on this Court's decision in *State v. Bates*, 179 N.C. App. 628, 629, 634 S.E.2d 919, 920 (2006), *disc. review denied,* 361 N.C. 696, 653 S.E.2d 2 (2007) —where the trial court gave a proper instruction for first-degree sexual offense only once while the defendant was charged with eleven counts of that offense—which opinion in turn was issued on remand from the North Carolina Supreme Court after reconsideration in light of *State v. Lawrence*, 360 N.C. 368, 627

S.E.2d 609 (2006). The defendant in *Bates* "was indicted on eleven counts of first-degree sexual offense; evidence was presented of six to ten incidents of first-degree sexual offense, and the jury returned a verdict of guilty on six charges. 179 N.C. App. at 632, 634 S.E.2d at 921–22 (citation omitted). As noted by the majority decision here, on review of these offenses, this Court "adopt[ed] the analysis in [an unpublished post-*Lawrence* Court of Appeals decision] and . . . . consider[ed] four factors to determine whether defendant Bates was denied a unanimous verdict: (1) the evidence; (2) the indictments; (3) the jury charge; and (4) the verdict sheets." *Id.* at 633, 634 S.E.2d at 922.

The Court first noted that as to factors one and two, "[w]here the number of incidents equal the number of indictments, the risk of a nonunanimous verdict is substantially lower," while where "*more counts were charged than the evidence supported*"—as in *Bates*—there is "more opportunity for confusion." *Id.* (emphasis added). Forcible sexual offense is defined as the commission of "a sexual act[2] with another person by force and against the will of the other person" by means of one or more of three listed methods of force—including by the use of a weapon, an element not contested in defendant's appeal. N.C. Gen. Stat. § 14-27.26 (2021). Here, the evidence at trial that could sustain the two counts of forcible sexual offense by

---

[2] A sexual act includes "[c]unnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse. Sexual act also means the penetration, however slight, by any object into the genital or anal opening of another person's body." N.C. Gen. Stat. § 14-27.20(4) (2021).

defendant against the victim was (1) anal penetration with defendant's fingers, (2) anal penetration with defendant's penis, and (3) oral penetration with defendant's penis. Thus, this case is distinguishable because defendant was charged with two counts of forcible sexual offense and evidence was presented at trial of three sexual acts which could constitute forcible sexual offense—thus, one *fewer* count was charged than the evidence supported.

Turning to the third factor, the majority decision acknowledges that, as in *Bates*, the trial court here instructed the jury correctly as to forcible sexual offense and instructed the jury as to unanimity, which "adequately ensured that the jury would match its unanimous verdicts with the charges against the defendant [and] favors a finding that the jury verdicts were unanimous in the present case." *Id.* at 634, 634 S.E.2d at 922.

Finally, the Court in *Bates* noted that "where 'the verdict sheets . . . identified the . . . offenses only by the felony charged . . . and their respective case numbers . . . the verdict sheets did not lack the required degree of specificity needed for a unanimous verdict if they could be properly understood by the jury based on the evidence presented at trial.' " *Id.* at 634, 634 S.E.2d at 922 (quoting *State v. Wiggins*, 161 N.C. App. 583, 592–93, 589 S.E.2d 402, 409 (2003), *disc. review denied*, 358 N.C. 241, 594 S.E.2d 34 (2004)). The verdict sheets here, unlike those in *Bates*, include *both* the felony charges *and their respective case numbers*, to wit: the case file number

19 CRS 2364 followed by the designations "COUNT 2" and "COUNT 3." Moreover, while the majority decision suggests that the "lack[ of] corresponding dates and descriptions of the alleged sex acts—both of which were included in the *Bates* verdict sheet"—were dispositive in the majority's analysis, a careful reading of *Bates* reveals that the verdict sheets therein only "gave date ranges for the different counts [which] . . . did not correspond with any specific evidence at trial; thus, *they failed to fully clarify which incidents corresponded to which charges*." *See id*. at 634, 634 S.E.2d at 923 (emphasis added). In contrast, here the inclusion of a date for each of the forcible sexual offense charges would have provided the jurors no additional clarity since all of the alleged conduct constituting the offenses was alleged to have occurred on the same date and in very close temporal proximity, unlike the circumstance in *Bates* where the alleged sexual offenses occurred over months.

In sum, on each of the four factors noted in *Bates* and cited by the majority decision, there was *less likelihood of jury confusion than in Bates*, in which case this Court nonetheless held that "it is possible to match the jury's verdict of guilty with specific incidents presented in evidence and in the trial court's instructions" and therefore the "defendant's right to unanimous verdicts as to his convictions of six counts of first-degree sexual offense was not violated." *Id*. at 634, 634 S.E.2d at 923. Thus, in my view, it is impossible to rely upon *Bates* and reach the result of the majority here in finding that the trial court committed error, let alone plain error, in

giving the forcible sexual offense instruction only once in the circumstances of this case. *See id.* at 634, 634 S.E.2d at 923 (finding no error); *see also Lawrence*, 360 N.C. at 376, 627 S.E.2d at 613 (finding no error); *see also Wiggins*, 161 N.C. App. at 595, 589 S.E.2d at 410 (finding no error).

My position is further buttressed by additional pertinent analyses found in *Bates* and the *Lawrence* line of cases.

In *Bates*, the Court also addressed unanimity of jury verdicts in connection with the offense of taking indecent liberties with a child, of which defendant was indicted on ten counts. *Bates*, 179 N.C. App. at 630, 634 S.E.2d at 920. There was evidence at trial of "a number" of such offenses against the child victim over a period of months, and the jury returned guilty verdicts on seven of the ten charges presented to it. *Id.* On appeal, the defendant argued

> that *because he was convicted of a lesser number of counts of indecent liberties than the number of incidents presented in evidence, and the indictment and verdict sheets did not match the counts to the evidence*, it is possible that the jury did not agree about which acts supported the guilty verdict for each count. Thus, defendant argues, a risk of a nonunanimous verdict was created, which violated defendant's right to a unanimous verdict.

*Bates*, 179 N.C. App. at 631, 634 S.E.2d at 921. This Court rejected that argument, emphasizing that under *Lawrence,* " 'a defendant may be unanimously convicted of indecent liberties even if: (1) the jurors considered *a higher number of incidents of immoral or indecent behavior than the number of counts charged, and* (2) *the*

*indictments lacked specific details to identify the specific incidents.'* " *Id.* (quoting *Lawrence*, 360 N.C. at 375, 627 S.E.2d at 613) (emphasis added).

The Supreme Court in *Lawrence*, in turn based its holding on *State v. Hartness*, stating "that '[t]he risk of a nonunanimous verdict does not arise in cases such as the one at bar *because the statute proscribing indecent liberties does not list, as elements of the offense, discrete criminal activities in the disjunctive.'* " *Lawrence*, 360 N.C. at 375, 627 S.E.2d at 613 (quoting *State v. Hartness*, 326 N.C. 561, 564, 391 S.E.2d 177, 179 (1990). "Unlike a drug trafficking statute, which may list possession and transportation, entirely distinct criminal offenses, in the disjunctive, the indecent liberties statute simply forbids 'any immoral, improper, or indecent liberties.' " *Id.* (citing N.C. Gen. Stat. § 14-202.1(a)(1) (2005)). The Supreme Court then observed, "[t]hus, *even if some jurors found that the defendant engaged in one kind of sexual misconduct, while others found that he engaged in another*, the jury as a whole would unanimously find that there occurred sexual conduct within the ambit of 'any immoral, improper, or indecent liberties.' " *Id.* ((emphasis added) (citations omitted)).

Similarly, and pertinent to the case before us, N.C. Gen. Stat. § 14-27.26 does not list "discrete criminal activities in the disjunctive," *id.*, but rather simply defines forcible sexual offense as commission of "a sexual act with another person by force and against the will of the other person," including by the use of a weapon, N.C. Gen. Stat. § 14-27.26. As in *Lawrence*, here, whether the jury found that defendant

8

committed two forcible sexual offenses by any combination of the acts evidenced at trial—anal penetration by defendant's fingers, anal penetration by defendant's penis, or oral penetration by defendant's penis—the jury "unanimously f[ou]nd that there occurred sexual [acts] within the ambit of" the forcible sexual offense statute. *See Lawrence*, 360 N.C. at 375, 627 S.E.2d at 613 (citation omitted). Thus, under the reasoning of *Hartness*, *Lawrence*, and *Bates*, defendant has failed to show error in the jury instructions.

For the reasons explained above, the trial court did not err in instructing the jury. Accordingly, I respectfully dissent from the majority's decision to the contrary on this issue.