STATE OF NORTH CAROLINA v. MARKEITH RODGERS LAWRENCE

No. 293A05

(Filed 7 April 2006)

### Indecent Liberties; Rape— statutory rape—short-form indictment—lack of specific details and identical wording

A jury unanimously convicted defendant of three counts of taking indecent liberties with a minor and five counts of statutory rape even though the short-form indictments for each alleged crime are identically worded and lack specific details distinguishing one particular incident of a crime from another, and defendant's motion for appropriate relief is dismissed, because: (1) defendant may be unanimously convicted of indecent liberties even if the jurors considered a higher number of incidents of immoral or indecent behavior than the number of counts charged and the indictments lacked specific details to identify the specific incidents since the statute proscribing indecent liberties does not list as elements of the offense discrete criminal activities in the disjunctive; and (2) with regard to the statutory rape charges, defendant was indicted on five counts of statutory rape, the victim testified to five specific incidents of statutory rape, defendant never raised an objection at trial regarding unanimity, the jury was instructed on all issues including unanimity, separate verdict sheets were submitted to the jury for ·each charge, the jury deliberated and reached a decision on all counts submitted to it in less than one and one-half hours, the record reflected no confusion or questions as to jurors' duty in the trial, and when polled by the court all jurors individually affirmed that they had found defendant guilty in each individual case file number.

Justice TIMMONS-GOODSON did not participate in the consideration or decision of this case.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 170 N.C. App. 200, 612 S.E.2d 678 (2005), vacating in part and reversing and remanding in part judgments entered on 16 January 2003 by Judge Quentin T. Sumner in Superior Court, Nash County. On 10 November 2005, defendant filed a motion for appropriate relief in this Court. Heard in the Supreme Court 14 November 2005.

**STATE v. LAWRENCE**

[360 N.C. 368 (2006)]

*Roy Cooper, Attorney General, by Amy C. Kunstling, Assistant Attorney General, for the State-appellant.*

*Staples S. Hughes, Appellate Defender, by Barbara S. Blackman, Assistant Appellate Defender, and Stephen D. Kiess for defendant-appellee.*

WAINWRIGHT, Justice.

Defendant was tried in Nash County Superior Court and convicted of six counts of first-degree sexual offense, five counts of statutory rape, and three counts of taking indecent liberties with a minor. The Court of Appeals vacated defendant's judgments for first-degree sexual offense, and reversed and remanded defendant's judgments for statutory rape and indecent liberties. In so doing, the court found that neither the indictments, jury instructions, nor verdict sheets identified the specific incidents of the respective statutory rape and indecent liberties charges for which the jury found defendant guilty. The court held that the jury's verdicts as to the statutory rape and indecent liberties charges may not have been unanimous because more criminal incidents were presented into evidence than were charged in the indictments. The State filed an appeal based on the dissenting opinion.[1] We reverse in part and remand defendant's case to the Court of Appeals.

The evidence presented at trial showed that in 1999 and 2000 defendant engaged in a variety of sexual acts with the victim, L.D. (Lucy). When these acts began, defendant was twenty-four years old and Lucy was eleven years old. Defendant was married to Lucy's older sister Sharlena. Lucy resided with defendant and Sharlena after Lucy's mother died in August 2000, but also spent considerable time with defendant and Sharlena before her mother's death.

Lucy testified about three specific incidents of indecent liberties with a minor. The first incident with defendant occurred in the summer of 1999 when she was eleven years old. Defendant introduced Lucy to a "game" in which Lucy lifted up her shirt for defendant and he would expose his penis to her.

Another incident occurred one evening that same summer. Defendant told Lucy to lie down on the couch in her sister's living

---

1. The court also identified a fatal variance between defendant's indictments for first-degree sexual offense and the jury instructions; however, this issue was not brought forward on appeal as all three members of the panel agreed on this issue.

room, after which defendant lay on top of her. Lucy testified that defendant pulled his pants down, moved her underwear and night-gown to the side, and attempted to "stick his private part into me." Defendant was unable to penetrate Lucy because she kept scooting away from him.

On a different occasion in the summer of 1999, Lucy testified that her younger sister, D.D. (Debbie), then eight years old, witnessed defendant's inappropriate behavior. Lucy and Debbie were both in their bathing suits at defendant's house before going to a neighbor's swimming pool. Defendant called the girls into the bedroom, where they found him on the bed wearing only a towel. Lucy testified that defendant kissed Debbie and her on the lips before telling Lucy to get on top of him. Defendant removed his towel and began masturbating while Lucy straddled him and Debbie stood at the edge of the bed. Debbie's testimony at trial corroborated Lucy's story. Debbie further testified that she witnessed defendant put his hand up Lucy's shirt while they were watching a pornographic movie.

Lucy testified that she had sexual intercourse with defendant thirty-two times during the years 1999 and 2000. During her testimony, Lucy recounted five specific instances in which defendant actually penetrated her vagina with his penis. All of these incidents occurred when Lucy was twelve years old, thus constituting first-degree statutory rape.

The first time Lucy had sexual intercourse with defendant, Lucy's mother was in the hospital and Lucy was staying with Sharlena and defendant. Lucy testified that while Sharlena was at work, she was in the living room when:

[defendant] told me to lay down. And I was at the edge of the couch and he told me to lay down and he tried it again. And as he was trying he stuck it—he almost did, and it was hurting so I was scooting on the couch and then I ran out of the room.

Later that same evening, defendant entered Lucy's room, which she shared with Debbie and Sharlena's three-year-old son, C.D. (Caleb). Lucy was awakened by defendant and he again instructed her to lie on the couch.

Q. And what happened after that?

A. Then he got on top of me and he did it again, tried to have sex with me. He told me—when I was scooting up the couch again he told me, "relax,", I need to be still, and he did it.

Q. He told you to relax?

A. Yes, sir.

Q. And what do you mean when you say "he did it"?

A. He had sex with me.

Q. Did any of his body ever enter into your body?

A. Yes, sir.

Q. Please tell the ladies and gentlemen of the jury when you say he had sex with you, what do you mean? What did he do?

A. He stuck his private into mine.

The third instance of intercourse happened in the living room with defendant holding Lucy on top of him. She testified that she had sexual intercourse with defendant in the living room approximately fifteen times. The encounters occurred mainly on the couch and sometimes on the floor. These encounters occurred while Sharlena was either at work or asleep in her room.

Q. Tell—please tell the jury anything you remember about having sex with [defendant] in the living room. Do you remember where in the living room it was?

A. Most of the time it was on the couch and then sometimes on the floor.

Q. Most of the time on the couch?

A. (Nodded affirmatively.)

. . . .

Q. Do you remember any of the times that were on the couch specifically?

A. Just one time I can remember.

Q. That you remember specifically?

A. Yes, sir.

Lucy testified to another specific instance of sexual intercourse that occurred immediately following a sexual act involving a screwdriver. Lucy also testified to having sexual intercourse with defendant on the floor of the room she shared with Caleb. On this occasion Sharlena nearly caught Lucy and defendant in the act, but Lucy ran and hid in the bathroom.

Lucy further testified about incidents constituting first-degree sexual offense. On four separate occasions defendant performed sex acts with Lucy involving foreign objects. Defendant penetrated Lucy's vagina with a broom handle because "he wanted to see how far it would go." On another occasion, defendant inserted the handle of a hairbrush into Lucy to "make him hard." Once defendant pushed a large cucumber into Lucy for a couple of minutes until it began hurting. As previously mentioned, defendant "told [Lucy] to play with [her]self" with a screwdriver before having sexual intercourse with her. All of these incidents occurred when Lucy was twelve years old.

Lucy testified that almost every time they had sexual contact, fellatio was also involved, and on one occasion defendant partially inserted his penis into her anus.

Q. Other than the times that you have described that [defendant] had sex with you, put his private in your private or put his penis in your vagina the times that you have described, did he ever put his penis in any other part of your body?

A. Yes, sir.

Q. What other parts of your body did he put his penis in?

A. My mouth and my butt.

Q. Do you remember how many times he put his penis in your butt?

A. Only once but it wasn't the whole thing.

. . . .

Q. When did he—do you recall how many times he put his penis in your mouth?

A. Almost every time we had sex.

At the close of all evidence, the jury found defendant guilty of six counts of first-degree sexual offense, five counts of statutory rape, and three counts of taking indecent liberties with a child. On appeal, the Court of Appeals vacated each of defendant's six first-degree sexual offense convictions.

Now this Court must determine whether a jury verdict may be unanimous when a defendant is tried on five counts of statutory rape and three counts of indecent liberties with a minor, when the short-form indictments for each alleged crime are identically worded and

lack specific details distinguishing one particular incident of a crime from another. This Court concludes that defendant was unanimously convicted of three counts of indecent liberties with a minor, as well as five counts of first-degree statutory rape.

Defendant was charged by short-form indictments as authorized by N.C.G.S. § 15-144.2(a). The three indictments charging defendant with indecent liberties were identical except for the case number. Each indictment stated:

> The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did take and attempt to take immoral, improper, and indecent liberties with [Lucy] for the purpose of arousing and gratifying sexual desire and did commit and attempt to commit a lewd and lascivious act upon the body of the child named below. At the time of this offense, the child, [Lucy] was under the age of 16 years and the defendant named above was over 16 years of age and at least five years older than the child. This act was in violation of the above referenced statute.

The offense dates on each indictment were listed "May 1, 1999 thru December 6, 2000."

Similarly, the five indictments charging defendant with first-degree statutory rape listed the same dates of offense and contained the following language:

> The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did carnally know and abuse [Lucy], a female child under the age of 13 years. This act was in violation of the above referenced statute.

Because these short-form indictments bear the same language and same time frame, defendant argues that the indictments lack specific details to link them to specific acts and incidents; thus, the court cannot be sure that jurors unanimously agreed that the State has proved each element that supports the crime charged in the indictment as required by *State v. Jordan*, 305 N.C. 274, 279, 287 S.E.2d 827, 831 (1982) (citing *In re Winship*, 397 U.S. 358, 25 L. Ed. 2d 368 (1970)).

First, we will address the issue of jury unanimity on the three counts of indecent liberties with a minor. The North Carolina

Constitution and North Carolina Statutes require a unanimous jury verdict in a criminal jury trial. *See* N.C. Const. art. 1, § 24; N.C.G.S. § 15A-1237(b) (2005). In *State v. Hartness*, 326 N.C. 561, 391 S.E.2d 177 (1990), this Court considered whether disjunctive jury instructions (instructions containing mutually exclusive alternative elements joined by the conjunction "or") for charges of indecent liberties with a minor resulted in an ambiguous or uncertain verdict such that a defendant's right to a unanimous verdict might have been violated. As explained in a subsequent opinion discussing the *Hartness* line of cases, this Court held that "if the trial court merely instructs the jury disjunctively as to various alternative acts *which will establish an element of the offense*, the requirement of unanimity is satisfied." *State v. Lyons*, 330 N.C. 298, 303, 412 S.E.2d 308, 312 (1991). Unlike a drug trafficking statute, which may list possession and transportation, entirely distinct criminal offenses, in the disjunctive, the indecent liberties statute simply forbids "any immoral, improper, or indecent liberties." N.C.G.S. § 14-202.1(a)(1) (2005); *Lyons*, 330 N.C. at 305, 412 S.E.2d at 313 (citing *Hartness*, 326 N.C. at 564-65, 391 S.E.2d at 179). Thus, "even if some jurors found that the defendant engaged in one kind of sexual misconduct, while others found that he engaged in another, 'the jury as a whole would unanimously find that there occurred sexual conduct within the ambit of "any immoral, improper, or indecent liberties." ' " *Lyons*, 330 N.C. at 305-06, 412 S.E.2d at 313 (quoting *Hartness*, 326 N.C. at 561, 391 S.E.2d at 177).

In this case, defendant was charged with three counts of taking indecent liberties with a minor. The jury heard testimony regarding three specific encounters that constituted indecent liberties: (1) "the game" in which defendant exposed his penis and the victim lifted her shirt; (2) when defendant touched his private part to the victim's private part; and (3) when defendant masturbated in front of the victim and her younger sister. The jury returned guilty verdicts for the three counts of indecent liberties. The Court of Appeals suggested that the jury may have also considered a fourth incident, when defendant placed his hand inside Lucy's shirt. Therefore, the jury may have considered a greater number of incidents than the three counts of indecent liberties charged in the indictments. However, this fourth incident had no effect on jury unanimity because according to *Lyons*, *Hartness* holds that while one juror might have found some incidents of misconduct and another juror might have found different incidents of misconduct, the jury as a whole found that improper sexual conduct occurred. *Lyons*, 330 N.C. at 305-06, 412 S.E.2d at 313.

Based upon our decision in *Hartness*, we find that "[t]he risk of a nonunanimous verdict does not arise in cases such as the one at bar because the statute proscribing indecent liberties does not list, as elements of the offense, discrete criminal activities in the disjunctive." *Hartness*, 326 N.C. at 564, 391 S.E.2d at 179. Therefore, with respect to the three convictions of taking indecent liberties, we hold that defendant was unanimously convicted of three counts of indecent liberties with a minor, notwithstanding that the short-form indictments charging each crime are identical. Under *Hartness* and *Lyons*, a defendant may be unanimously convicted of indecent liberties even if: (1) the jurors considered a higher number of incidents of immoral or indecent behavior than the number of counts charged, and (2) the indictments lacked specific details to identify the specific incidents.

We now review the unanimity issue as to defendant's conviction for five counts of first-degree statutory rape. The Court of Appeals majority found that confusion over which incidents supported the five rape verdicts created a risk of a verdict that was not unanimous. Even though Lucy testified that she had sexual intercourse with the defendant thirty-two separate times, the evidence presented at trial tended to show five specific instances of statutory rape: (1) partial penetration on the living room couch; (2) penetration on the couch in Caleb's room; (3) penetration on the couch in the living room; (4) penetration following the incident with the screwdriver; and (5) penetration on the floor of Caleb's room. At the conclusion of the evidence, the jury was given five separate verdict sheets for the rape offenses. The jury returned five guilty verdicts for the five counts of rape.

In *State v. Wiggins*, the victim testified that she had intercourse with defendant multiple times a week for an extended period of time, but during her testimony she only specifically recounted four incidents of intercourse with defendant. *State v. Wiggins*, 161 N.C. App. 583, 586, 593, 589 S.E.2d 402, 405, 409 (2003), *disc. rev. denied*, 358 N.C. 241, 594 S.E.2d 34 (2004). The victim also described two incidents of oral sex with defendant. *Id.* at 586, 589 S.E.2d at 405. In *Wiggins*, the court held "where seven offenses (two statutory sexual offense and five statutory rape) were charged in the indictments, and based on the evidence presented at trial, the jury returned seven guilty verdicts, there was no danger of a lack of unanimity between the jurors with respect to the verdict." *Id.* at 593, 589 S.E.2d at 409. We find the reasoning of *Wiggins* persuasive.

The present case is clearer than *Wiggins*. In *Wiggins*, the victim testified to multiple incidents of intercourse with defendant, but she testified in detail about only four specific occasions of intercourse constituting statutory rape. Here, defendant was indicted on five counts of statutory rape; Lucy testified to five specific incidents of statutory rape, and five verdicts of guilty were returned to the charge of statutory rape. We conclude that defendant was unanimously convicted by the jury.

In so holding we note: (1) defendant never raised an objection at trial regarding unanimity; (2) the jury was instructed on all issues, including unanimity; (3) separate verdict sheets were submitted to the jury for each charge; (4) the jury deliberated and reached a decision on all counts submitted to it in less than one and one-half hours; (5) the record reflected no confusion or questions as to jurors' duty in the trial; and (6) when polled by the court, all jurors individually affirmed that they had found defendant guilty in each individual case file number.

We hold that the jury unanimously convicted defendant of three counts of taking indecent liberties with a minor and five counts of first-degree statutory rape. Therefore, we reverse the Court of Appeals decision regarding the three counts of indecent liberties and five counts of statutory rape. The decision vacating defendant's judgment on the six counts of first-degree sexual offense is not properly before this Court and remains undisturbed. Defendant's motion for appropriate relief is dismissed. This case is remanded to the Court of Appeals for consideration of defendant's remaining assignments of error, including those raised in his motion for appropriate relief.

REVERSED IN PART AND REMANDED.

Justice TIMMONS-GOODSON did not participate in the consideration or decision of this case.