STATE OF NORTH CAROLINA v. RAMON C. LANEY

No. COA05-1201

(Filed 5 July 2006)

## 1. Indecent Liberties— two incidents of touching in one night—one act

Two incidents of touching in one night should have resulted in one indecent liberties conviction, not two, and defendant's motion to dismiss one of the cases should have been granted. The sole act was the touching, there was no temporal gap between the two incidents, and the two incidents combined for the purpose of arousing defendant's sexual desire.

## 2. Constitutional Law— effective assistance of counsel—supporting opening argument

There was no merit to defendant's argument that he was denied the effective assistance of counsel in that his attorney did not support his opening argument with evidence that he was voluntarily intoxicated. Defense counsel provided testimony that defendant drank beer and liquor, took Ecstasy, and was otherwise intoxicated on the night of the crime; there was other evidence that defendant had a prior conviction for possession of cocaine; and the trial court instructed the jury on the defense of voluntary intoxication.

## 3. Evidence— hearsay—statement against interest

A hearsay statement from an indecent liberties defendant to the mother of the child that he would "be guilty" in court was admissible under N.C.G.S. § 8C-1, Rule 801(d)(A) as a statement against interest.

Appeal by defendant from judgments entered 10 December 2004 by Judge David S. Cayer in Mecklenburg County Superior Court. Heard in the Court of Appeals 8 May 2006.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General David Gordon, for the State.*

*Appellate Defender Staples Hughes, by Assistant Public Defender Matthew D. Wunsche, for defendant-appellant.*

JACKSON, Judge.

Ramon C. Laney ("defendant") appeals from the guilty verdict rendered after a jury trial 8 December 2004.

On the night of 21 January 2004, defendant was present at a pool hall where he drank beer, liquor, and took a tablet of Ecstasy. At around 2:00 a.m., two of defendant's friends took him to Davonna Moses' ("Davonna") home. Defendant and Davonna had been friends for more than ten years, and defendant frequently spent the night asleep on her couch. On 21 January 2004, Davonna gave defendant permission to sleep on her couch, even though she would not be home that night. When defendant arrived at Davonna's home, Davonna's mother, Dana Moses ("Dana") let defendant into the home. Defendant went to sleep on the couch in Davonna's living room.

At around 5:00 a.m., defendant entered the room of Davonna's daughter, N.M. ("the victim"), where she slept with her three sisters. At trial, the victim testified that she awoke when defendant pulled down the covers on her bed. Upon hearing a noise from Dana in the adjacent room, defendant left the room for ten to fifteen minutes, but returned again to pull down the covers on the victim's bed, and touch the victim's breasts over her shirt. The victim pushed defendant's hand away, and he put his hand under the waistband of her pants. The victim rolled over in her bed to stop defendant, and defendant touched the victim over her pants. During this incident, the victim's three sisters did not awaken.

On the morning of 22 January 2004, the victim began crying and told Dana that defendant had touched her. Defendant denied the accusation, and Dana sent the victim and her sisters to school. When the victim and her sisters arrived at school, one of the victim's sisters told Adrienne Carruthers, a family friend who worked at the victim's school, that defendant had touched the victim, and that she should talk to her. When Adrienne Carruthers spoke to the victim, she told Adrienne Carruthers that defendant touched her, and Adrienne Carruthers told Davonna about the incident. Davonna confronted defendant, who denied the incident. Davonna contacted the police to report the allegation.

In May or June 2004, Davonna saw defendant at a strip club, where he told her that he was sorry for what he did, and that when he went to court he would "be guilty."

On 22 March 2004, a grand jury indicted defendant for taking indecent liberties with a child in cases 04 CRS 209431 and 04 CRS 209432. The cases were joined for trial. On 8 December 2004, the Honorable David S. Cayer presided over defendant's trial in Mecklenburg County Superior Court. The jury found defendant guilty in both cases, and the trial court sentenced defendant to two consecutive terms of seventeen to twenty-one months. Defendant appeals to this Court.

On appeal, defendant argues three issues: (1) that the trial court erred when it denied defendant's motions to dismiss defendant's charges of indecent liberties, where both of the cases arose from a single transaction; (2) that defendant was denied effective assistance of counsel because his trial attorney failed to support his opening statement by presenting evidence that defendant was voluntarily intoxicated; and (3) that the trial court erred when it allowed Davonna to testify that defendant told her he would "be guilty" in court.

[1] First, defendant argues that the trial court erred when it denied defendant's motions to dismiss defendant's charges of indecent liberties, when both of the cases arose from a single transaction.

A motion to dismiss is properly denied by the trial court if there is substantial evidence of each essential element of the offense charged and that defendant is the perpetrator of the offense. *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). In making its determination of the sufficiency of the evidence, the trial court must consider the evidence in the light most favorable to the State. *Id.* at 99, 261 S.E.2d at 117. "[T]he State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom; contradictions and discrepancies are for the jury to resolve and do not warrant dismissal; and all of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is to be considered by the court in ruling on the motion." *Id.*

North Carolina General Statutes § 14-202.1 provides that indecent liberties with a minor is defined as follows:

(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either: (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or (2) Willfully commits or attempts to

commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

N.C. Gen. Stat. § 14-202.1(a) (2005).

"[T]he crime of indecent liberties is a single offense which may be proved by evidence of the commission of any one of a number of acts." *State v. Hartness*, 326 N.C. 561, 567, 391 S.E.2d 177, 180 (1990). "The evil the legislature sought to prevent in this context was the defendant's performance of any immoral, improper, or indecent act in the presence of a child 'for the purpose of arousing or gratifying sexual desire.'" *Id.* In *Hartness*, our Supreme Court reasoned that "[d]efendant's purpose for committing such act is the gravamen of this offense; the particular act performed is immaterial." *Id.* Thus, a single wrong, i.e., the crime of indecent liberties, "is established by a finding of various alternative elements." *Id.* at 566, 391 S.E.2d at 180. This Court has stated further that "although the statute sets out alternative acts that might establish an element of the offense, a single act can support only one conviction." *State v. Jones*, 172 N.C. App. 308, 315, 616 S.E.2d 15, 20 (2005).

In *Lawrence*, our Supreme Court recently upheld three separate convictions of indecent liberties with a minor that occurred during three separate and distinct encounters. *State v. Lawrence*, 179 N.C. ——, ——, 627 S.E.2d 609, 616 (2006). The specific issue the Court addressed was whether a jury verdict may "be unanimous when a defendant [wa]s tried on five counts of statutory rape and three counts of indecent liberties with a minor, when the short-form indictments for each alleged crime [were] identically worded and lack specific details distinguishing one particular incident of a crime from another. *Id.* at ——, 627 S.E.2d at 611.

In the case *sub judice*, defendant's two indictments, 04 CRS 209431 and 04 CRS 209432 contain identical language:

The jurors for the State upon their oath present that on or about the 22nd day of January, 2004, in Mecklenburg County, Ramon C. Laney did unlawfully, willfully, and feloniously take and attempt to take immoral, improper, and indecent liberties with [the victim], who was under the age of sixteen (16) years at the time, for the purpose of arousing or gratifying sexual desire. At the time, the defendant was over sixteen (16) years of age and at least five (5) years older than that child.

Here, defendant's acts of touching the victim's breasts and putting his hand inside the waistband of her pants were part of one transaction that occurred the night of 21 January 2004. The sole act involved was touching—not two distinct sexual acts. Furthermore, there was no gap in time between two incidents of touching, and the two acts combined were for the purpose of arousing or gratifying defendant's sexual desire. This case is distinguishable from *Lawrence* because the *Lawrence* defendant committed indecent liberties with a child during three separate and distinct encounters. We hold that the trial court did not err in denying defendant's motion to dismiss with respect to 04 CRS 209431, but that the trial court did err in denying defendant's motion to dismiss with regards to 04 CRS 209432 as "a single act can support only one conviction." *Jones*, 172 N.C. App. at 315, 616 S.E.2d at 20. Accordingly, we vacate the judgment referenced by 04 CRS 209432.

**[2]** Next, defendant argues that he was denied effective assistance of counsel because his trial attorney failed to support his opening statement by presenting evidence that defendant was voluntarily intoxicated.

"A defendant's right to counsel includes the right to the effective assistance of counsel." *State v. Braswell*, 312 N.C. 553, 561, 324 S.E.2d 241, 247 (1985) (citing *McMann v. Richardson*, 397 U.S. 759, 771, 25 L. Ed. 2d 763, 773 (1970)). "When a defendant attacks his conviction on the basis that counsel was ineffective, he must show that his counsel's conduct fell below an objective standard of reasonableness." *Id.* at 561-62, 324 S.E.2d at 248 (citing *Strickland v. Washington*, 466 U.S. 668, 688, 80 L. Ed. 2d 674, 693 (1984)). Defendant must satisfy a two part test in order to meet this burden:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, *a trial whose result is reliable.*

*Id.* at 562, 324 S.E.2d at 248 (emphasis in original). "[D]efendant must show that 'there is a reasonable probability that, but for counsel's ineffective performance, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome.' " *State v. Moorman*, 320 N.C. 387, 399, 358 S.E.2d 502, 510 (1987) (citing *Strickland v. Washington*, 466 U.S. at 694, 80 L. Ed. 2d at 698). In *Moorman*, defense counsel stated in his opening statement that he would prove that the defendant was physically and psychologically incapable of rape. *Id.* at 400-01, 358 S.E.2d at 510-11. However, defense counsel failed to present evidence of physical or psychological incapability, and the State utilized defense counsel's failure in their closing argument. *Id.* at 401, 358 S.E.2d at 511. Our Supreme Court set aside the defendant's trial based upon its determination that defendant had received ineffective assistance of counsel based in part on counsel's failure to produce evidence promised in the opening statement. *Id.* at 402, 358 S.E.2d at 511-12.

Here, defense counsel made the following remark in his opening statement:

[Defendant] has a record of having drug and alcohol problems. This isn't a first-time event, and I think you will hear testimony to that effect, both from him and possibly from some of his family members. So this is somebody who, you will hear testimony, has a drug and alcohol problem.

Thereafter, during defendant's trial, defense counsel provided testimony of the victim, defendant, Davonna, and Dana that defendant drank beer and liquor, took Ecstasy, and was otherwise intoxicated on the night of 21 January 2004. Moreover, the trial court admitted evidence that defendant had a prior felony conviction for possession of cocaine. In addition, the trial court instructed the jury on the defense of voluntary intoxication.

Therefore, defendant has failed to satisfy his burden that there is a reasonable probability that a different outcome would have occurred if defense counsel presented additional evidence of defendant's drug and alcohol problem. In contrast to defendant's contention, defense counsel and the prosecutor both presented evidence that defendant had used or possessed alcohol and drugs. Defendant's argument is without merit and defendant's assignment of error is overruled.

[3] We now address whether the trial court erred when it allowed Davonna to testify that defendant told her he would "be guilty" in court.

**STATE v. LANEY**

[178 N.C. App. 337 (2006)]

The test is that if a reviewing court were to find error, a defendant must be prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial. N.C. Gen. Stat. § 15A-1443(a) (2005); *State v. Allen*, 127 N.C. App. 182, 186, 488 S.E.2d 294, 297 (1997).

It is well established that "[h]earsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. Gen. Stat. § 8C-1, Rule 801(c) (2005). "A statement is admissible as an exception to the hearsay rule if it is offered against a party and it is (A) his own statement[.]" N.C. Gen. Stat. § 8C-1, Rule 801(d)(A) (2005).

In the present case, the following colloquy occurred during Davonna's testimony:

Q: Can you describe for us how that meeting went and what was said to each other.

A: Me and my girlfriend, Kim Gervay (phonetic), we was sitting there. He walked around and came over and spoke to Kim. Then he came over and told me that he was sorry [sic] for what he did; and that I had to do what I had to do as a mother. He couldn't do nothing but respect that. He said that when he came to court, he would be guilty. He was sorry and he loved me.

MR. LOVEN: Objection.

THE COURT: Overruled.

Here, defendant's statement that he would "be guilty" was admissible under the hearsay exception N.C. Gen. Stat. § 8C-1, Rule 801(d)(A) because it was defendant's own statement offered against his own interest. Therefore, the statement is admissible, and defendant's assignment of error is overruled.

Accordingly, we vacate the judgment referenced by 04 CRS 209432, and find no error with respect to the judgment referenced by 04 CRS 209431.

NO ERROR in part; VACATED in part.

Chief Judge MARTIN and Judge LEVINSON concur.