STATE OF NORTH CAROLINA
v.
DELMER CAUDILL, JR.
No. COA07-96
Court of Appeals of North Carolina.
Filed January 15, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Elizabeth J. Weese, for the State.
Kevin P. Bradley, for defendant.
ELMORE, Judge.
On 20 July 2006, Delmer Caudill, Jr. (defendant), was convicted by a jury of five counts of indecent liberties with a child. He now appeals.
Defendant occasionally cared for his niece (the victim) and her brother while their mother was in prison from August, 2003 through June, 2004. On these occasions, they would stay at the apartment that defendant shared with his mother, the victim's maternal grandmother. More than once, the victim and her brother were left alone with defendant when their grandmother went to work from 2:45 pm to 11:15 pm. In April of 2004, the victim, then five years old, told a relative, Norma Montgomery, that defendant had sexually abused her. Montgomery then conveyed this information to the victim's aunt, who reported the allegations to the police. In interviews with a certified sexual assault nurse examiner, the victim said that defendant had touched her vaginal area more than once and that it burned when he did so. She said that defendant also touched her buttocks and breasts, and that he touched her body every time she spent the night at his apartment.
The victim also testified that defendant once put her legs on his shoulders and rubbed her front private area, and that after he did so, her body felt "angry" and that her "pee burned" when she urinated afterward.
Andre Sitters, nineteen at the time of trial, testified for the State over defendant's objection. When Sitters was six years old, defendant lived with her, her mother (whom defendant was dating), and her two younger sisters. One night, when Sitters' mother was at work, defendant asked her to get in bed with him while he was watching television. She testified that she "ended up falling asleep in the bed with him," and that when she "woke up [her] nightgown was over [the] top of [her] head and [her] underwear [were] off." At that time, defendant was performing cunnilingus on her. Sitters' mother saw this and called the police, and defendant plead guilty to second degree sexual abuse of Sitters. In the present case, the jury found defendant guilty as charged and the trial court sentenced him to five consecutive terms of twenty-one to twenty-six months' imprisonment.
Defendant argues that the trial court erred in admitting testimony regarding the victim's initial disclosure of abuse to Montgomery, claiming that the evidence of the victim's initial disclosure was inadmissible hearsay. Defendant objected to testimony regarding the victim's initial disclosure of his sexual conduct and the trial court overruled the objection, finding the testimony admissible for corroborative purposes. We agree with the trial court's ruling.
"It has been well established in this state that '[a] prior consistent statement of a witness is admissible to corroborate the testimony of the witness whether or not the witness has been impeached,' even though the statement was hearsay." State v. Walters, 357 N.C. 68, 88-89, 588 S.E.2d 344, 356 (2003) (quoting State v. Jones, 329 N.C. 254, 257, 404 S.E.2d 835, 836 (1991)) (alteration in original). The trial court instructed the jury that the testimony regarding the victim's initial disclosure was admitted "for the sole purpose of corroborating the prior testimony of [the victim] and for no other purpose." The testimony was not offered for the truth of the matter asserted and was thus not inadmissible hearsay. Defendant had ample opportunity to cross examine the victim on her testimony.
Defendant argues that the statements of a non-testifying person to a witness constitute double hearsay and are not admissible for corroboration because there would be no testimony by that individual to corroborate. "A violation of the defendant's rights under the Constitution of the United States is prejudicial unless the appellate court finds that it was harmless beyond a reasonable doubt." N.C. Gen. Stat. § 15A-1443(b) (2005). "[T]he Confrontation Clause reflects a preference for face-to-face confrontation at trial, and . . . a primary interest secured by the provision is the right of cross-examination." Ohio v. Roberts, 448 U.S. 56, 63, 65 L. Ed. 2d 597, 606 (1980) (internal quotations, citations, and alterations omitted). In order to determine whether the error regarding double hearsay "was harmless beyond a reasonable doubt, we must determine that the error had no bearing on the jury deliberations." State v. Sisk, 123 N.C. App. 361, 370, 473 S.E.2d 348, 354 (1996).
Defendant was able to cross examine the victim, who was the source of the initial disclosure. The victim's testimony can be corroborated by testimony regarding the initial disclosure. Montgomery's absence did not prejudice defendant to the point that the trial's outcome would have been different; the jury would have heard the victim's testimony regarding her sexual abuse regardless of Montgomery's presence. See State v. Marine, 135 N.C. App. 279, 287-88, 520 S.E.2d 65, 70 (1999) (finding that corroborating testimony was admissible even if it was double hearsay because the jury had heard enough evidence consistent with the testimony in question that its admission did not prejudice defendant). Thus, we find that the trial court did not err in allowing the nurse to testify regarding the victim's initial disclosure to Montgomery.
Defendant next contends that the trial court committed prejudicial error in allowing a witness to testify about a sexual incident with defendant that occurred thirteen years earlier, arguing that its probative value is outweighed by the danger of undue prejudice.
N.C. Gen. Stat. § 8C-1, Rule 404(b), states, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, [or] plan . . . ." N.C. Gen. Stat. § 8C-1, Rule 404(b) (2005). "The prevailing test for determining the admissibility of evidence of prior conduct is whether the incidents are sufficiently similar and not so remote in time as to be more probative than prejudicial under the balancing test of N.C. Gen. Stat. § 8C-1, Rule 403." State v. Carpenter, 179 N.C. App. 79, 84, 632 S.E.2d 538, 541 (2006) (citation omitted). "The determination of similarity and remoteness is made on a case-by-case basis," with the degree of similarity required being that which would lead the jury to the "reasonable inference that the defendant committed both the prior and present acts." Id. (quotations and citations omitted).
Defendant argues that the separation of thirteen years between the two acts renders the prior act too remote and also that the prior act, being substantially more serious than the present act, would be particularly prejudicial. However, "[w]hile the period of elapsed time since the prior sexual acts is an important part of the Rule 403 balancing process, and the passage of time may 'slowly erode commonalities' between the prior acts and the acts currently charged, the lapse of time . . . does not [necessarily] sufficiently diminish the similarities between the acts." State v. Dyson, 165 N.C. App. 648, 655, 599 S.E.2d 73, 78 (2004) (citations omitted) (finding that two incidents of defendant forcing minors, ages eight and nine, to perform oral sex on him were not too remote despite a separation of eleven years). "Furthermore, remoteness is less significant when the prior conduct is used to show intent, motive, knowledge, or lack of accident." Id. at 655-56, 599 S.E.2d at 78 (quotations and citations omitted).
In the instant case, the victim testified that "[defendant] would touch me on my private and on my behind and on my boobies and my stomach, and . . . he'll touch me in the bathtub on my private and ... he put my legs on his shoulders and touched me . . . ." She also testified,"I was wearing clothes, but he put his hand under my clothes and touched on me on my skin." She testified that every time she took a bath at the apartment that defendant and his mother shared, he would touch her though he did not have either a washcloth or soap in his hands. One time, he put her legs on his shoulders and touched her vaginal area; the victim testified, "after he touched me and I went to go pee my pee burned." In the prior incident with Andre Sitters thirteen years earlier, defendant performed cunnilingus on her while she was asleep. She was fully clothed at the time and he had lifted her nightgown over her head. Sitters was six years old at the time of the incident; the victim in the present case was five. Both situations involved unwelcome touching of the vaginal area by defendant while the victims were left in his care. The situations are sufficiently similar within the bounds of Rule 404(b) such that the prior incident, showing a common scheme and plan of intent, is admissible despite the passage of thirteen years, and is not too remote.
Finally, defendant argues that the trial court erred in imposing consecutive sentences when the evidence established only a single crime. However, "a defendant may be found guilty of multiple crimes arising from the same conduct so long as each crime requires proof of an additional or separate fact." State v. James, ___ N.C. App. ___, ___, 643 S.E.2d 34, 38 (2007) (citation omitted); see also State v. Lawrence, 360 N.C. 368, 374-75, 627 S.E.2d 609, 612-13 (2006) (upholding a conviction of three counts of indecent liberties with respect to three separate encounters with the same victim).
In this case, defendant committed multiple acts over a ten month period, each of which was separate and distinct and involved the victim being placed in different positions. The verdict sheets were specific enough that the jury was able to identify five unique acts, each of which separately constituted an indecent liberty witha minor. The five distinct acts were: (1) "rubbing vagina while child's legs on defendant's shoulders," (2) "rubbing vagina in the bath tub," (3) "rubbing vagina while child watching TV in defendant's room," (4) "rubbing child's buttocks under her clothes," and (5) "rubbing breasts under shirt while watching television."
"The crime of indecent liberties is a single offense which may be proved by evidence of the commission of any one of a number of acts." State v. Laney, 178 N.C. App. 337, 340, 631 S.E.2d 522, 524 (2006) (quotations, citations, and alterations omitted) (emphasis added). "[A]lthough the statute sets out alternative acts that might establish an element of the [crime of indecent liberties], a single act can support only one conviction." Id. at 340, 631 S.E.2d at 524-25 (quotations and citations omitted). We distinguish this case from Laney. In Laney, the defendant had access to the victim only once, and in the present case, the victim was left in defendant's care multiple times over a ten month period. Defendant committed separate and distinct acts, each of which support separate convictions.
Even assuming that the five acts took place in one single encounter, which the evidence does not support, the victim was still exposed to five distinct acts for the purpose of arousing or gratifying defendant's sexual pleasure. Thus, the trial court did not err in imposing consecutive sentences.
Defendant received a trial free from error.
No error. Judges MCGEE and TYSON concur.
Report per Rule 30(e).