**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VILLAMOR DACANAY YASAY, | No. 08-74610 |
| Petitioner, | Agency No. A042-826-847 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2010
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON and BEA, Circuit Judges.

Villamor Yasay appeals the final order of the Board of Immigration Appeals

rendering him removable from the United States under 8 U.S.C. §

1227(a)(2)(A)(iii) for being convicted of an aggravated felony as defined by 8

U.S.C. § 1101(a)(43).

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review de novo Yasay's claims.  *Ramirez-Castro v. INS*, 287 F.3d 1172, 1174 (9th Cir. 2002); *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152 (9th Cir. 2008) (en banc).

Yasay alleges that he has not been convicted as defined by 8 U.S.C. § 1101(a)(48)(A).  Yasay first contends that his deferred no contest plea was not entered because it was not formally accepted by the court.  We have considered "deferred adjudication" laws previously in *Lujan-Armendariz v. INS*, 222 F.3d 728, 734-35 n.11 (9th Cir. 2000).  It is irrelevant whether a conviction or nolo plea is deferred or expunged for the purposes of conviction under the INA.  *Id.* at 735.  This is simply an instance where "the federal government may consider someone 'convicted' when the state determines not to do so."  *Id.* at 736.  Second, Yasay argues that because his arrest record is expunged and the charges are dismissed, he is not convicted.  We have held that expungement does not erase a conviction for immigration purposes.  *Ramirez-Castro*, 287 F.3d at 1174.  Finally, Yasay argues that his plea did not lead to judicially-ordered punishment, as required by § 1101(a)(48)(A)(ii). We have held that Hawaii's deferred-acceptance rules for guilty pleas and no-contest pleas are punishment.  *United States v. Bosser*, 866 F.2d 315, 317 (9th Cir. 1989).

Yasay also challenges the BIA's determination that he is an aggravated felon eligible for removal. Yasay properly exhausted all of his claims at the agency level. Because the statute is divisible into several crimes, we apply the modified categorical approach. *Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1073 (9th Cir. 2007) (en banc). Under Hawaii law a person commits sexual assault in the third degree if "[t]he person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person." Haw. Rev. Stat. § 707-732(1)(b).

We must determine if the conduct proscribed by the statute and the conduct Yasay was convicted of constitute "sexual abuse of a minor." *Rebilas v. Mukasey*, 527 F.3d 783, 786 (9th Cir. 2008). "Sexual abuse of a minor" has "three elements: whether the conduct proscribed by the statute is sexual; whether the statute protects a minor; and whether the statute requires abuse." *United States v. Medina-Villa*, 567 F.3d 507, 513 (9th Cir. 2009). First, the Hawaii statute proscribes sexual conduct since it references sexual contact. Second, it is designed to protect a minor since it covers people less than fourteen years old.

The remaining question is whether Yasay's conduct constitutes abuse. Because the statute is over-inclusive, and could cover non-abuse conduct, rather than missing an element, under the modified categorical approach, we narrow the

3

crime through documents in the record. *See Li v. Ashcroft*, 389 F.3d 892, 899-901 (9th Cir. 2004) (Kozinski, J., concurring) (explaining the distinction between a statute that was missing an element of the generic crime and a statute that was merely too broad); *Rebilas*, 527 F.3d at 787. Narrowed down through the charging document, the conduct Yasay was convicted of was placing his hands on the breast of the victim. In other words, a jury would necessarily have had to find that Yasay touched the victim's breasts to convict him of sexual assault. That necessary finding also fulfills the generic elements of the crime of sexual abuse of a minor. We noted in *United States v. Baza-Martinez* what conduct constitutes sexual abuse of a minor. 464 F.3d 1010, 1016 (9th Cir. 2006) (citing *State v. Laney*, 631 S.E.2d 522, 522 (N.C. Ct. App. 2006) (sexual abuse of a minor where defendant awoke the victim in her bed, touched her breasts, put his hand under the waistband of her pants, and then touched her through her pants)). We consider Yasay's conduct to have constituted sexual abuse of a minor. *See Baza-Martinez*, 464 F.3d at 1015-16; *see also Singh v. Ashcroft*, 383 F.3d 144, 147-48 (3d Cir. 2004).

Yasay further argues that the definition of conviction in the INA to include nolo pleas is unconstitutional on due process and Eighth Amendment grounds. Because Yasay was convicted of an aggravated felony, we do not have jurisdiction to evaluate his constitutional claims unless "the constitutional issue [] *was* the

4

jurisdictional issue." *See Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1068 (9th Cir. 2003) (emphasis in original).

Construing Yasay's due process argument as a substantive due process argument, as this is the only way it could be a jurisdictional issue, we note that the Supreme Court has recognized that if the government has a facially legitimate and bona fide reason to exercise its removal power "courts will neither look behind the exercise of that discretion, nor test it by balancing its justification against the [constitutional] interests." *Fiallo v. Bell*, 430 U.S. 787, 794-95 (1977). The intent of Congress in passing the Illegal Immigrant Reform and Immigrant Responsibility Act was to create uniformity. *See* H.R. Conf. Rep. No. 104-828, at 224 (1996). This is a legitimate and bona fide reason for congressional action and there is no need to balance the reason against the constitutional interests for substantive due process.

There is no Eighth Amendment issue. Removal is not a criminal punishment and does not fall under the Eighth Amendment. *Briseno v. INS*, 192 F.3d 1320, 1323 (9th Cir. 1999). Finally, there is no problem with the retroactive application of the IIRIRA. *Becker v. Gonzales*, 473 F.3d 1000, 1002-03 (9th Cir. 2007).

DISMISSED.