An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-976

NORTH CAROLINA COURT OF APPEALS

Filed: 1 April 2014

STATE OF NORTH CAROLINA

v.  

Forsyth County
No. 12 CRS 58053, 58353-56

JERRY ELDRED BURNETTE, JR.

Appeal by Defendant from judgments entered 8 February 2013 by Judge R. Stuart Albright in Forsyth County Superior Court. Heard in the Court of Appeals 23 January 2014.

> *Attorney General Roy A. Cooper, III, by Assistant Attorney General Angenette Stephenson, for the State.*

> *W. Michael Spivey, for Defendant-appellant.*

DILLON, Judge.

Jerry Eldred Burnette, Jr., ("Defendant") appeals from judgments entered 8 February 2013, convicting him of one count of first-degree sexual offense and ten counts of indecent liberties with a child, arguing that the trial court erred in denying his motion to dismiss for insufficiency of the evidence and that his constitutional right to a unanimous verdict was

abridged. We believe there was no prejudicial error in this case.

I. Background

The evidence of record tends to show the following: In 2011, nine-year old Caroline[1], her two brothers, and her mother moved in to live with Defendant in his two-bedroom house. Caroline's mother, who worked at night, slept in one bedroom, and Defendant slept in the other bedroom. Caroline and her brothers slept in various places in the house; however, Caroline often slept with Defendant in his bed, while Caroline's mother was working.

During the course of the next year, Defendant touched Caroline all over her body with his fingers and penis on multiple occasions in his bedroom. Testimony showed that Defendant's improper conduct occurred "over five times." Defendant admitted in a written statement that he engaged in improper conduct with Caroline "5 times" and that he "[e]jaculated each time."

On 8 October 2012, Defendant was indicted on various charges arising from Defendant's conduct with Caroline. His case came on for trial on 4 February 2013, the Honorable Judge

---

[1] A pseudonym.

R. Stuart Albright presiding. The jury found Defendant guilty of one count of first-degree sexual offense and ten counts of indecent liberties and found the existence of an aggravating factor for each charge, that Defendant had taken advantage of a position of trust. The trial court entered judgments consistent with the jury's verdicts, sentencing Defendant to 300 to 369 months incarceration on the first-degree sexual offense conviction and 20 to 24 months incarceration on each of the ten indecent liberties with a child convictions, to be served consecutively. From these judgments, Defendant appeals.

## II. Analysis

Defendant argues that the trial court erred by denying his motion to dismiss at least some of the indecent liberty charges and that his right to a unanimous jury verdict was abridged. Though Defendant couches these arguments as a single argument, we address each one separately.

### A. Motion to Dismiss

Defendant contends the trial court erred by denying his motion to dismiss for insufficiency of the evidence to support his ten indecent liberties convictions. Specifically, Defendant contends the State produced insufficient evidence to show ten "distinct[,] separate incidents." We disagree.

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

In the present case, Defendant's ten indecent liberty convictions were based on the following acts, as reflected on the jury verdict sheets:

- 4 acts of rubbing Caroline's vagina with his penis, simulating sexual intercourse;
- 3 acts of touching her breasts with his fingers;
- 2 acts of touching her vagina with his fingers;

- 1 act of touching her anus with his fingers.

The evidence, taken in the light most favorable to the State, showed that Defendant put his penis in Caroline's vagina over five times, that he touched her breasts with his hands over five times, that he touched her vagina with his fingers over five times, and that he touched her anus with his fingers over five times. We believe that from this evidence it could be inferred that the indecent liberties by Defendant took place during the course of at least six episodes, in that "over five times" means *at least* six times.

We have held that "multiple sexual acts, even in a single encounter, may form the basis for multiple indictments for indecent liberties." *State v. James*, 182 N.C. App. 698, 705, 643 S.E.2d 34, 38 (2007). However, we have also held that the *touching* of multiple areas of a victim's body during a single encounter only constitutes a single act of touching and not multiple sexual acts. *State v. Laney*, 178 N.C. App. 337, 341, 631 S.E.2d 522, 524-25 (2006). However, we reached our conclusion in *Laney*, in part, because, in that case, the only sexual acts alleged involved touching the victim's body with his hands and was not accompanied by some other type of sexual act. *Id.* (noting that "[t]he sole act involved was touching – not

two distinct sexual acts"). Our Court has explained the distinction between *Laney* and *James* as follows:

> In *Laney*, defendant touched both the victim's breasts and put his hands under her waist-band. This Court held that there was one single act of touching and not multiple sexual acts. However, in [*James*], this Court, in distinguishing [*Laney*], stated that as opposed to mere touching, "multiple sexual acts, even in a single encounter, may form the basis for multiple indictments for indecent liberties." Thus, this Court found a different analytical path should be applied when dealing with "sexual acts" as opposed to touching in the context of charges of indecent liberties.

*State v. Williams*, 201 N.C. App. 161, 185, 689 S.E.2d 412, 425 (2009) (citations omitted). Thus, while multiple touchings occurring during the same encounter will generally only sustain a single conviction for indecent liberties, touchings accompanied by a separate sexual act – such as a defendant rubbing the victim's vagina with his penis – during the same encounter, may sustain two convictions for indecent liberties.

In this case, Defendant's ten indecent liberties convictions were based on six acts of touching and four acts of another sexual act, namely simulating sexual intercourse by rubbing his penis on Caroline's vagina. To sustain Defendant's six acts of touching, there must be evidence from which it could be inferred that Defendant touched Caroline during six different

encounters. Based on the evidence that Defendant touched Caroline's breasts, vagina and anus "over five times," we believe there was evidence from which it could be inferred that Defendant committed acts of indecent liberties by touching during at least six different encounters; and, therefore, we do not believe the trial court erred by denying Defendant's motion to dismiss those charges. Further, we believe that rubbing one's penis against a victim's vagina, simulating sexual intercourse, constitutes a "sexual act" distinct from touching; and, therefore, a separate conviction for indecent liberties based on such genital rubbing can be sustained even where a defendant is also convicted for indecent liberties based on touching during the same encounter. We believe the evidence that Defendant rubbed his penis against Caroline's vagina "over five times" is sufficient to overcome Defendant's motion to dismiss the four counts of taking indecent liberties based on genital rubbing, notwithstanding that these four acts might have occurred during some of the same encounters relied upon to sustain some of his six convictions based on touching.

## B. Unanimous Jury Verdict

Defendant argues that his right to a unanimous jury verdict under our Constitution and General Statutes was violated. *See*

N.C. Const. art. 1, § 24; N.C. Gen. Stat. § 15A-1237(b) (2011). Specifically, Defendant argues on appeal that his right to a unanimous jury verdict "was violated because ten separate counts of indecent liberties were submitted to the jury in a manner that created a risk some jurors found Defendant guilty of ten counts based on acts of touching that occurred during just four separate and distinct encounters with the child."

Initially, we note that at trial, Defendant lodged a motion to dismiss at the close of the State's evidence and at the close of all evidence, but without reference to the alleged abridgment of his right to a unanimous jury verdict. We also note, however, that the failure to object to alleged errors by the trial court that violate a defendant's right to a unanimous verdict does not waive his right to raise the question on appeal. *State v. Ashe*, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985).

In *State v. Lawrence*, 360 N.C. 368, 375, 627 S.E.2d 609, 613 (2006), our Supreme Court held that "a defendant may be unanimously convicted of indecent liberties even if: (1) the jurors considered a higher number of incidents of immoral or indecent behavior than the number of counts charged, and (2) the indictments lacked specific details to identify the specific

incidents." This is because "the indecent liberties statute simply forbids '*any* immoral, improper, or indecent liberties[,]'" and, "while one juror might have found some incidents of misconduct and another juror might have found different incidents of misconduct, the jury as a whole found that improper sexual conduct occurred." *Id.* at 374, 627 S.E.2d at 612-13 (citing N.C. Gen. Stat. § 14-202.1(a)(1) (2005)) (emphasis added).

In the present case, there was evidence that Defendant committed indecent liberties in four different ways: by touching Caroline's breasts, by touching her vagina, by touching her anus and by rubbing his penis against her vagina. The evidence also shows that he did *each* of these acts "over five times." However, Defendant was only convicted of committing *each* of these acts four or fewer times. In other words, the jury considered a higher number of incidents for each type of conduct than the number it ultimately convicted him for. Therefore, based on the Supreme Court's holding in *Lawrence*, *supra*, Defendant's right to a unanimous jury verdict has not been abridged.

III. Conclusion

Based on the foregoing, we conclude Defendant had a fair trial, free from prejudicial error.

NO ERROR.

Judge STROUD and Judge HUNTER, JR. concur.

Report per Rule 30(e).