FILED

**NOT FOR PUBLICATION**

JUN 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHERWIN Q. RINTON, AKA Sherwin Renton, AKA Sherwin Quiray Rinton, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 11-71350 <br><br> Agency No. A046-713-187 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2015[**]
Honolulu, Hawaii

Before: WARDLAW, BERZON, and OWENS, Circuit Judges.

Sherwin Q. Rinton petitions for review of the decision of the Board of

Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge's

("IJ"'s) order (1) finding him removable under 8 U.S.C. § 1227(a)(2)(A)(ii) as an

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

alien convicted of two crimes involving moral turpitude not arising out of a single scheme and (2) denying his application for cancellation of removal under 8 U.S.C. § 1229b(a).

**1.** We reject Rinton's contention that his deferred acceptance of guilty plea pursuant to Haw. Rev. Stat. § 853-1(a) for theft in the third degree, Haw. Rev. Stat § 708-832, is not a conviction for immigration purposes. 8 U.S.C. § 1101(a)(48)(A) provides:

> The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, *if adjudication of guilt has been withheld*, where —
>
> (i) a judge or jury has found the alien guilty *or the alien has entered a plea of guilty* or nolo contendre or has admitted sufficient facts to warrant a finding of guilt, and
>
> (ii) the judge has ordered some sort of punishment, penalty, or restraint on the alien's liberty to be imposed.

(emphasis added).

Rinton's deferred acceptance plea meets both requirements. Rinton entered a guilty plea. "[T]he Hawaii deferred-acceptance rule constitutes a 'punishment,'" as it "gives a defendant an opportunity to serve a probation-like sentence" that "restrict[s] the [defendant]'s liberty." *United States v. Bosser*, 866 F.2d 315, 316–17 (9th Cir. 1989); Haw. Rev. Stat. § 853-1(a). Thus, although Rinton's

2

deferred guilty plea was pending at the time of the IJ's order, he was "convicted" of two theft crimes for the purposes of 8 U.S.C. § 1227(a)(2)(A)(ii). *See Lujan-Armendariz v. I.N.S.*, 222 F.3d 728, 735-36 (9th Cir. 2000), *overruled in part on other grounds by Nunez-Reyes v. Holder*, 646 F.3d 684 (9th Cir. 2011) (en banc); *Yasay v. Holder*, 368 F. App'x 727, 728 (9th Cir. 2010). He will remain "convicted" of the third-degree theft charge for purposes of removal even if the charge is eventually dismissed.[1] *See Ramirez-Castro v. INS*, 287 F.3d 1172, 1174 (9th Cir. 2002).

We also reject Rinton's various arguments that 8 U.S.C. § 1101(a)(48)(A) violates an alien's right to due process and equal protection. The text of § 1101(a)(48)(A) is "unambiguous[]," providing adequate notice of the immigration consequences of a guilty or nolo contendere plea. *Murillo-Espinoza v. I.N.S.*, 261 F.3d 771, 775 (9th Cir. 2001) (Gould, J. concurring); *see also Lujan-Armendariz v. I.N.S.*, 222 F.3d at 737. It ensures that individuals in states with differing criminal rehabilitative procedures are treated equally for immigration purposes, *see Murillo-Espinoza*, 261 F.3d at 774, and is tailored to "the government's need for a nationally uniform definition of the term 'conviction' for

---

[1] Accordingly, Rinton's motion to remand the case to the IJ and to hold the case in abeyance pending the Hawaii court's ultimate disposition of his plea is DENIED.

immigration purposes." *Ramirez-Altamirano v. Holder*, 563 F.3d 800, 817 (9th Cir. 2009) (quoting *Herrera-Inirio v. INS*, 208 F.3d 299, 309 (1st Cir.2000)), *overruled on other grounds by Nunez-Reyes*, 646 F.3d 684.

**2.** Rinton's conviction under Haw. Rev. Stat. § 708-833 for theft in the fourth degree is a crime involving moral turpitude. "Petty theft is a crime involving moral turpitude . . . ." *Flores Juarez v. Mukasey*, 530 F.3d 1020, 1022 (9th Cir. 2008) (per curiam); *see United States v. Esparza-Ponce*, 193 F.3d 1133, 1136–37 (9th Cir. 1999) ("Since the elements of petty theft are the same as theft in general, the element of moral turpitude would continue to be present whether the theft be petty or grand.").

**3.** Rinton challenges the denial of his application for cancellation of removal solely on the grounds that the IJ abused her discretion in balancing the factors relevant to the discretionary determination. We lack jurisdiction to review such claims. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Bazua–Cota v. Gonzales*, 466 F.3d 747, 749 (9th Cir. 2006) (per curiam).

The petition for review is DENIED.